**William Alvis ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45297.**

Court of Criminal Appeals of Texas.

April 19, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for burglary, where appellant entered a plea of guilty before a jury and punishment was assessed at five years.

Appellant contends that the court erred when it accepted his plea of guilty without determining that said plea complied with Article 26.13, Vernon's Ann.C.C.P.

After the indictment was read and appellant entered a plea of guilty, the record

reflects the following colloquy took place between the court and appellant:

"Are you pleading guilty because you are guilty and for no other reason?

"Yes sir.

"Nobody has forced or frightened you to plead guilty against your will have they?

"No sir.

"The punishment in this State for the offense of burglary is from two to twelve years and understanding that your punishment will be set somewhere in that range do you still tell me that you are guilty?

"Yes sir.

"And if the State makes out a sufficient case against you coupled with your plea of guilty that I will charge the jury to find you guilty and they will set your punishment somewhere in that range do you still tell me that you are guilty?

"Yes sir.

"Knowing that you still persist in pleading guilty?

"Yes sir."

Article 26.13, V.A.C.C.P., provides:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

In Ex parte Battenfield, Tex.Cr.App., 466 S.W.2d 569, this Court said:

"In the concurring opinion in Wilson v. State, Tex.Cr.App., 456 S.W.2d 941, 943, it was written:

" 'This Court has consistently held that the provisions of Article 26.13, Vernon's Ann.C.C.P., are mandatory and the prerequisites therein set out must be complied with as a condition precedent to the validity of a plea of guilty and that such

question may be raised at any time. May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606; Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779; Braggs v. State, 169 Tex.Cr.R. 405, 334 S.W.2d 793; Williams v. State, Tex.Cr.App., 415 S.W.2d 917; Miller v. State, Tex.Cr.App., 424 S. W.2d 430. See also 97 A.L.R.2d 549, 584, 586, 602, citing numerous Texas authorities.

\* \* \* \* \* \*

" 'Further, it is clear that the admonishment required by Article 26.13, V.A.C.C. P., must be made manifest of record and that the *admonishment cannot be supplied by inference, intendment or presumption.* See Article 26.13, supra, note 4 and cases there cited.' (Emphasis supplied.)

\* \* \* \* \* \*

"In addition to failing to inform the petitioner as to the possible penalties for burglary, the trial court, apparently overlooking the fact that the two pleas were being heard together and at the same time, did not adequately determine that the guilty plea to burglary was 'uninfluenced by any consideration of fear, *or by any persuasion, or delusive hope of pardon* \* \* \*.' " (Emphasis supplied.)

 In the instant case, the transcription of the court reporter's notes reflects that the court did not determine whether any persuasion or delusive hope of pardon prompted appellant to confess his guilt. While the judgment recites that appellant was uninfluenced in making said plea "by any persuasion, or delusive hope of pardon prompting him to confess his guilt" the transcription of the court reporter's notes leaves no question about the court's failure to comply with this portion of Article 26.13, V.A.C.C.P. See Ex parte Battenfield, supra; Miller v. State, 424 S.W.2d 430; Williams v. State, 415 S.W.2d 917. This omission cannot be supplied by inference, intendment or presumption.

For the reason discussed, the judgment is reversed and the cause remanded.

Opinion approved by the Court.