**Ex parte Jimmy Placido CHAVEZ.**

**No. 45541.**

Court of Criminal Appeals of Texas.

May 31, 1972.

Rehearing Denied July 19, 1972.

Will Gray, Houston, J. R. Hollingsworth, Amarillo, for appellant.

Tom Curtis, Dist. Atty., John J. Wheir, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is a post conviction habeas corpus proceeding brought under Article 11.07, Vernon's Ann.C.C.P. See Ex Parte Young, Tex.Cr.App., 418 S.W.2d 824.

Petitioner contends that the trial court, in accepting his guilty plea, failed to comply with the mandatory requirements of Art. 501, C.C.P.[1]

The convicting court deemed that an evidentiary hearing was not necessary and entered findings of fact and conclusions of law based on the petition and records on file with the court. All findings and conclusions were unfavorable to petitioner's allegations. The transcription of the court reporter's notes is before us from the original trial in the appellate record in Cause No. 39,677.

The record reflects that on December 13, 1965, the petitioner entered a plea of guilty in Cause No. 12,678 charging him in the 47th District Court of Potter County with the offense of rape, and penalty was assessed by the jury at death. The conviction was affirmed by this Court, in Cause No. 39,677, Chavez v. State, 408 S.W.2d 714.

The transcription of the court reporter's notes reflects the following admonishment as being given after petitioner entered a plea of guilty to the indictment.

---

1. Art. 26.13, V.A.C.C.P., (Acts 1965, 59th Leg. Vol. 2, p. 317, Ch. 722, eff. Jan. 1, 1966) is identical to Art. 501, C.C.P., as amended in 1959.

"The Court: Come up here in front of me with your counsel; I have some explanation I need to make to you. Now, Jimmy, you have heard the reading of this indictment. I know Mr. Howard has advised you of your legal rights, but before I permit you to plead guilty I must assure myself that you understand the nature of your plea and the consequences of it.

"Now, you know that the punishment provided for the offense with which you are charged is confinement in the State Penitentiary for not less than five years, or by life imprisonment, or by death in the electric chair, and that if you plead guilty you admit your guilt of all of the elements of this offense, and leave to the jury simply to determine what your punishment will be. Do you understand that?

"Defendant: Yes, sir.

"The Court: Have you ever been confined in any institution for the treatment of mental diseases—ever been in any insane asylum?

"A. No, sir.

"Q. You do not contend that you are insane at this time, nor that you were insane at the time of the commission of this offense?

"A. No, sir.

"Q. And as far as understanding what you are doing at this time, you do understand what you are doing at this time—you know what you are doing?

"A. Yes, sir.

"Q. How far did you go in school?

"A. To the tenth grade.

"Q. What school?

"A. Santa Fe.

"Q. Now, you understand the English language—you understand what is being done here and what is said?

"A. Yes, sir.

"The Court: I will permit you to plead guilty if that is your desire. I assume you have considered this fully with your counsel.

"A. Yes, sir.

"Q. Now, do you persist in pleading guilty after having the consequences of your plea explained to you?

"A. Yes, sir.

"Q. You still want to plead guilty?

"A. Yes, sir.

"Q. The plea of guilty will be entered as the plea of the defendant in this case. You may be seated."

Article 501, C.C.P. (1925), provided: "If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

In May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606, it was written, ". . . . on account of the importance of the question we call attention of the trial judges to Art. 501, C.C.P. (statute quoted). It has been held that the foregoing provision of the statute is mandatory, and that the three things required must be done as a condition precedent to the validity of the plea of guilty, and that such question may be raised after conviction."

In the instant case, the transcription of the court reporter's notes reflects that the court did not determine whether any persuasion or delusive hope of pardon prompted appellant to confess his guilt.

Can this determination be made from events which subsequently transpire in the trial, or by a recital in the judgment or from pleadings at the habeas corpus hearing? We think not.

■ The statute plainly provided that no such plea shall be received unless it plain-

ly appears that these conditions have been met. This Court has long held in interpreting the statute that the provisions of the statute are mandatory and *must be complied with as a condition precedent to the validity of a plea of guilty.* (emphasis supplied) Ex parte Battenfield, Tex.Cr.App., 466 S.W.2d 569; Rogers v. State, Tex.Cr.App., 479 S.W.2d 42; Miller v. State, Tex. Cr.App., 424 S.W.2d 430; Braggs v. State, 169 Tex.Cr.R. 405, 334 S.W.2d 793; Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779; May v. State, supra.

It is clear that the admonishment required must be manifest of record and that the admonishment cannot be supplied by inference, intendment or presumption. See Article 26.13, V.A.C.C.P., note four and cases cited therein.

Under the holdings of this Court, it is thus apparent that the admonishment required by Art. 26.13, V.A.C.C.P., (Art. 501, C.C.P., at the time of petitioner's trial) must be complied with as a condition precedent to the validity of the plea of guilty (or nolo contendere) and that the admonishment must be manifest of record.

 We next come to the question of whether the failure to properly admonish appellant before accepting his plea of guilty can be raised for the first time by post conviction habeas corpus. In May v. State, supra, Presiding Judge Hawkins called it to the attention of trial judges "that such question may be raised after conviction." Cases which have followed May v. State, supra, continued to reaffirm this position. Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779; Miller v. State, supra; Ex parte Battenfield, supra. In Ex parte Battenfield, petitioner's post conviction habeas corpus was granted by this Court, where the court reporter's notes made it clear that there had not been a compliance with Art. 26.13, V.A.C.C.P., in accepting petitioner's plea of guilty to a burglary charge.

The transcription of the court reporter's notes, in the instant case, fails to reflect that the trial court made a determination of whether any persuasion or delusive hope of pardon prompted petitioner to confess his guilt before accepting the plea of guilty. The mandatory terms of Art. 501, C.C.P., and the cases construing it and its successor, Art. 26.13, V.A.C.C.P., compel us to hold that petitioner is entitled to the relief he seeks.

We sound the alarm to trial judges, first voiced by Judge Hawkins, in May v. State, supra, that the requirements of Art. 26.13, V.A.C.C.P., must be met as a condition precedent to the validity of a plea of guilty (or nolo contendere), compliance must be manifest of record and such question may be raised after conviction.

The petitioner is ordered released from further confinement by virtue of his conviction in Cause No. 12,678 and surrendered to the custody of the Sheriff of Potter County to answer the indictment charging him with the offense of rape.

It is so ordered.

Opinion approved by the Court.