**Jimmy Glenn CROCKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45141.**

Court of Criminal Appeals of Texas.

Oct. 11, 1972.

Clower & Stanford by Ronald L. Clower, Dallas, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery by assault. Appellant entered a

plea of guilty, waived his right to a jury, and punishment was assessed at twenty years.

■ Appellant cites two grounds of error, only one of which we need consider. Appellant contends that when he entered his guilty plea, he was not properly admonished of the consequences of such a plea. Art. 26.13, Vernon's Ann.C.C.P. states:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

The record in the present case reflects the following:

"The Court: How do you plead?

"The Defendant: Guilty.

"The Court: I accept your plea of guilty and tell you that the punishment for robbery by assault in this State is not less than five years or any term of years in the Texas Department of Corrections. Understanding that I must set your punishment in that range in that case, do you still persist in telling me that you're guilty?

"The Defendant: Yes."

This was not a full admonishment as the court did not determine whether any persuasion or delusive hope of pardon prompted appellant to confess his guilt. This Court has repeatedly held that this provision of the statute is *mandatory,* that all requirements must be met as a precedent to the validity of the plea of guilty, and compliance must be manifest of record. Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr. App.1972); Miller v. State, 424 S.W.2d 430 (Tex.Cr.App.1968); Rogers v. State, 479 S.W.2d 42 (Tex.Cr.App.1972); Ex parte Humphrey, 456 S.W.2d 118 (Tex.Cr. App.1970).

■ At one point in the proceedings, in response to questioning by *defense counsel,* appellant responded:

"Q Okay. Are you pleading guilty to the offense of robbery at this Safeway store on West Jefferson because you are guilty and for no other reason but that?

"A Yes, sir."

However, this cannot qualify as one of the required elements of Art. 26.13, V.A. C.C.P. Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App.1971).

We need not consider appellant's second ground of error.

The judgment is reversed and the cause remanded.