**Lemon JEFFERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45784.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Walter L. Knapp, Amarillo, for appellant.

Tom Curtis, Dist. Atty., John J. Wheir, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The offense is robbery by assault. Appellant pled guilty, and punishment was enhanced, resulting in a sentence of life imprisonment.

The appellant was apprised of the range of punishment, but nowhere does

there appear an inquiry as to whether or not appellant was influenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, which might have prompted him to confess his guilt. Art. 26.13, Vernon's Ann.C.C.P.

This Court has held this defect to be reversible error on many occasions. Once again, we are forced to recite that this provision of Art. 26.13 is *mandatory*. Crocker v. State, 485 S.W.2d 566 (Tex.Cr. App. October 11, 1972); Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App.1971); Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr. App.1972); Ex parte Marshall, 479 S.W.2d 921 (Tex.Cr.App.1972); Ex parte Humphrey, 456 S.W.2d 118 (Tex.Cr.App.1970); Miller v. State, 424 S.W.2d 430 (Tex.Cr. App.1968); Rogers v. State, 479 S.W.2d 42 (Tex.Cr.App.1972).

The judgment is reversed and the cause remanded.