Stanley JACKSON, Appellant,

v.

The STATE of Texas, Appellee, (three cases).

Stanley JACKSON, Appellant, Stanley
Whitfield, alias,

v.

The STATE of Texas, Appellee.

Stanley JACKSON, Appellant,
Horace Whitfield, alias,

v.

The STATE of Texas, Appellee.

Nos. 46319 to 46323.

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Dan McCairns, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

These are appeals from convictions in five robbery by assault cases. Trials were before the court on pleas of guilty. In four of the cases, punishment was assessed at fourteen years in each cause. In the remaining case, punishment was ten years.

Appellant's court appointed counsel on appeal, who also served by appointment in the trial court, has filed a brief which re-

cites, "The appellant's attorney, after an exhaustive review of the records and the applicable law, concluded that the present appeals are frivolous and wholly without merit." Appellant's counsel has served a copy of such brief on the appellant. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967) and Gainous v. State, Tex.Cr.App., 436 S.W.2d 137 (1969). Upon motion of counsel, the court extended the time for filing appellant's brief in order that appellant might file a pro se brief.[1]

In light of Anders v. California, supra, and Gainous v. State, supra, appellant's counsel has urged two contentions which might arguably support the appeals.

■ Appellant's contention that the court was in error, under Article 26.11, Vernon's Ann.C.C.P., in paraphrasing the indictments when it omitted, "In the name and by the authority of The State of Texas," and, "against the peace and dignity of the State" from its recital of the indictments at the trial is without merit. Article 26.11, V.A.C.C.P., requires that the indictment shall be read at the arraignment. The record reflects that appellant was arraigned in each of the five cases at a date prior to trial. It is noted that upon trial, the court fully apprised appellant of the charging portion of each indictment.

■ Appellant's contention that the court failed to properly admonish appellant pursuant to Article 26.13, V.A.C.C.P., is likewise without merit. Appellant urges that the court failed to ascertain whether he was influenced by "any consideration of fear," or "delusive hope of pardon" in entering his pleas of guilty. No question could be raised had the trial judge used the precise wording of the statute.[2] Kane v. State, Tex.Cr.App., 481 S.W.2d 808.

The court asked appellant, "Has anyone promised you anything or promised you that you would get off lightly or get a pardon from the Governor or anything like that, to induce you or make you come out here and plead guilty to any of these charges?" Appellant responded, "No, sir." The court then asked appellant, "Are you pleading guilty freely, voluntarily, on your own; not because of what a lawyer or anybody else may have told you, but because you are guilty of each of these cases and for that reason only?" The appellant responded, "Yes." The court carefully admonished appellant regarding range of punishment he might receive as a consequence of his pleas of guilty. The court further made inquiry of appellant's counsel, who had been appointed on August 10, 1971 (trials were on January 18, 1972), regarding his having counselled with appellant and whether appellant "fully understands and is fully aware of what's going on here today in each of these matters." Before the court accepted the pleas of guilty, appellant agreed that he was persisting in pleading guilty to each of the cases.

We find that the foregoing admonishments constituted sufficient compliance with Article 26.13, V.A.C.C.P., however, as was stated in Kane v. State, supra, "We urge that the exact language of Article 26.13, V.A.C.C.P., be followed in admonishing defendants." See May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606 and Ex parte Chavez, Tex.Cr.App., 482 S.W.2d 175.

The judgments are affirmed.

Opinion approved by the Court.

---

1. No pro se brief was filed.

2. Article 26.13, V.A.C.C.P., provides: "If the defendant pleads guilty, or enters a plea of nolo contendere he, shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."