**Richard ESPINOSA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46699.**

Court of Criminal Appeals of Texas.

April 11, 1973.

Rehearing Denied May 9, 1973.

Roy R. Barrera and Carlos J. Longoria, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon Armstrong, Michael P. Hodge, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is sale of heroin; the punishment, ten (10) years.

Appellant's sole ground of error is that the court failed to properly admonish him of the consequences of pleading guilty in accordance with the terms of Article 26.13, Vernon's Ann.C.C.P., in that the court "did not adequately determine, if at all, that Appellant's plea of guilty was prompted by any delusive hope of pardon."

Appellant first told the court, in answer to questions, that he was changing his plea of not guilty to guilty and that he was pleading guilty because he was guilty. He was then asked and answered as follows:

"THE COURT: Did anybody place you in fear, threaten you, abuse you, mistreat you or do anything that would force you to plead guilty?

"THE DEFENDANT: No sir.

"THE COURT: Did anybody promise you anything at all to get you to plead guilty?

"THE DEFENDANT: No, sir."

The court carefully admonished appellant regarding the range of punishment he might receive as a consequence of pleading guilty. The court further inquired whether appellant's counsel, who had represented him for approximately eight months, had ample opportunity to prepare for trial, had discussed the situation with appellant, considered appellant capable of assisting him in the preparation of his defense, and whether he considered appellant sane. Counsel answered all these questions affirmatively.

The latest expression of this Court on this subject appears to be Jackson v. State, Tex.Cr.App., 488 S.W.2d 451, wherein the Court conducted a comparable inquiry concerning the voluntariness of the plea and where we concluded, as we did in Kane v. State, Tex.Cr.App., 481 S.W.2d 808, and as we do here, that while the exact language of Article 26.13, supra, should be used in admonishing defendants, the admonishment in question reflects sufficient compliance with the statute. See also Brown v. State, Tex.Cr.App., 478 S.W.2d 550.

The judgment is affirmed.

ROBERTS, Judge (dissenting).

I am unable to agree with the majority that the admonishment given appellant reflects "sufficient compliance" with Article 26.13, V.A.C.C.P. As we stated in Rogers v. State, 479 S.W.2d 42 (Tex.Cr.App.1972), the admonishment cannot be supplied by inference, intendment or presumption. It appears to me that is exactly what the majority does here today. The fact remains that no inquiry was made of appellant as to whether or not he was pleading guilty because of any persuasion, or delusive hope of pardon. The statute is too plainly worded to misconstrue. To comply with it places a very small burden on the trial judge. If we bend a little today, where do we draw the line as to what does, in fact, constitute "sufficient compliance"? See Crocker v. State, 485 S.W.2d 566 (Tex. Cr.App.1972) and Jefferson v. State, 486 S.W.2d 782 (Tex.Cr.App.1972).

I would reverse the judgment and remand the cause.

I respectfully dissent.

ONION, P. J., joins in this dissent.