**James Edward CLAYTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46599, 46600.**

Court of Criminal Appeals of Texas.

April 25, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Att., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant was convicted upon his pleas of guilty in two cases of robbery by assault. His punishment was assessed at twenty (20) years in each case.

The records reflect that appellant was taken from the Texas Department of Corrections to stand trial in these cases.

Appellant waived a jury trial and entered a plea of guilty of robbery in each case. The two cases were tried together. Appellant's sole contention is that the court accepted appellant's pleas of guilty without determining that such pleas complied with Article 26.13, Vernon's Ann.C.C.P.

The record reflects that before the pleas were accepted, the following colloquy took place between the court and appellant:

"THE COURT: For robbery by assault you can still get life or any term of years not less than five. Now you wish at this time for the Court to hear both cases and you want to waive a jury, plead guilty in both cases before the Court, is that correct?

"DEFENDANT: Yes, sir.

"THE COURT: Now you do this freely and voluntarily, nobody has forced you or threatened you or scared you or beat you up or made you plead guilty, have they?

"DEFENDANT: No, sir.

"THE COURT: You are doing it of your own free will and accord? It is your decision?

"DEFENDANT: Yes, sir.

"THE COURT: All right, sir. And you are pleading guilty now in each case because you are guilty and for no other reason?

"DEFENDANT: Yes, sir.

"THE COURT: And your attorney, Mr. Bruder, has explained all of your rights to you and you have gone over these time and again and you know what you are doing and you understand what we are doing?

"DEFENDANT: Yes, sir, I understand.

"THE COURT: The Court will accept the plea in both cases and the cases will proceed."

The appellant made judicial confessions in each case. He testified that he and his counsel had discussed his cases on numerous occasions, and after such discussions, he decided to enter pleas of guilty, and that his pleas were not the result of anybody having threatened him or offered any hope of probation or parole or anything like that.

Appellant in his brief contends that the court, although admonishing appellant regarding the voluntariness of his plea by speaking of force, threats, fright and bodily harm, made no inquiry of persuasion or delusive hope of pardon, under Article 26.-13, supra. He relies on our holding in Rogers v. State, Tex.Cr.App., 479 S.W.2d 42, and cases there cited.

The Rogers case was reversed on the basis of Ex parte Battenfield, Tex.Cr.App., 466 S.W.2d 569, where the conviction was set aside because the mandatory provision of Article 26.13, supra, concerning the range of punishment was not followed. The Court also noted there that the court did not adequately determine the plea of guilty was "uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon. . . ."

The problem of complying with Article 26.13, supra, has been before the Court many times and the Court has been divided as to what constitutes compliance with Article 26.13, supra. In the present cases, the court determined from the appellant that he was entering the pleas freely and voluntarily, that he was not forced or threatened to do so. A majority of the Court has decided in cases such as these that the Article was complied with. See Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174 (1973), and the cases cited. See also Espinosa v. State, Tex.Cr.App., 493 S.W.2d 172 (1973).

In addition, the record in these cases shows that the court ascertained from the attorney of appellant that his rights had been explained to him. The attorney during the trial asked the appellant if he had been offered any hope of probation, parole or anything like that and the appellant replied no. This is additional evidence that the pleas were voluntarily made. We hold that there was a sufficient compliance with Article 26.13, supra.

No reversible error being shown, the judgments are affirmed.

ROBERTS, J., not participating.

ONION, Presiding Judge (concurring).

I would make clear that the admonishment by the court is defective in that the court did not admonish the appellant relative to whether the pleas of guilty were prompted by "a delusive hope of pardon" as required by the mandatory provisions of Article 26.13, Vernon's Ann.C.C.P. See Crocker v. State, 485 S.W.2d 566 (Tex.Cr.App.1972); Jefferson v. State, 486 S.W.2d 782 (Tex.Cr.App.1972); Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr.App.1972); Rogers v. State, 479 S.W.2d 4 (Tex.Cr.App. 1972), and Ex parte Battenfield, 466 S.W. 2d 569 (Tex.Cr.App.1971).

I concur in the result only because the appellant on direct examination by his own counsel was asked and answered the following question:

"Q Okay, but you are pleading guilty not because anybody threatened you or offered out any hope of probation or parole or anything like that?

"A No."

This testimony was given prior to the entry of the judgment of guilty and the assessment of punishment. The written judgment entered on the same date as the plea of guilty reflects, in part, that appellant was duly admonished of the consequences of his plea and that it appeared to the court that the appellant was sane and not influenced in making his plea by any consideration of fear, or by any persuasion or delusive hope of pardon prompting him to confess his guilt, etc.

I cannot say, under the circumstances of the case, that the record is contrary to the recital in the judgment.

I do agree with the State that the best practice would have been for the admonishment to have included a determination of whether the plea was prompted by a delusive hope of pardon.

I concur.