**Stell Truman HEATHCOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 46907, 46908.**

Court of Criminal Appeals of Texas.

May 16, 1973.

Homer T. Bouldin (Court appointed), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Herbert Hancock, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

Appellant was convicted, on pleas of guilty, upon separate indictments, for the offenses of burglary to commit theft and felony theft. He was assessed a penalty of three (3) years in each case. There is no showing that these sentences were cumulative.

Appellant's court appointed counsel on appeal has filed a brief stating that the appeal is frivolous and without merit. However, an examination of the record reveals a serious question in regard to the sufficiency of the admonition to support appellant's guilty pleas. Article 26.13, Vernon's Ann.C.C.P.

The record reflects the following colloquy after the court informed appellant of the range of punishment:

"THE COURT: Are you prepared to enter your plea to this charge against you, Mr. Heathcock?

"MR. HEATHCOCK: Yes, sir.

"THE COURT: How do you plead?

"MR. HEATHCOCK: Guilty.

"THE COURT: Are either one of you pleading guilty because someone has forced you to plead guilty, or has anyone threatened either of you?

"MR. ROBERTSON [Other Defendant]: No, sir.

"MR. HEATHCOCK: No, sir.

"THE COURT: Anyone ever questioned your sanity?

"MR. ROBERTSON: No, sir.

"MR. HEATHCOCK: No, sir.

"THE COURT: Counsel, have you conferred with your clients sufficiently to believe and understand and be convinced that they understand the nature and consequences of their acts and they are sane?

"MR. ANDERSON [Appellant's Trial Attorney]: Yes, Your Honor; they are sane.

"THE COURT: All right, I will accept the plea and hear the evidence."

■ The purpose of the admonishment is to determine the voluntariness of the plea. While we have repeatedly prevailed on trial judges to follow the exact wording of Article 26.13, V.A.C.C.P., in making that determination, reversal is not required where the trial court's inquiry, taken as a whole, is sufficient to establish the voluntary nature of the plea.

In our recent opinion in Mitchell v. State, 493 S.W.2d 174 (Tex.Cr.App.1973), and Espinosa v. State, 493 S.W.2d 172 (Tex.Cr.App.1973), the essential ingredients requisite for minimal compliance with Article 26.13, V.A.C.C.P., were present.[1]

■ In the cases at bar the court made no inquiry as to "promise" or "persuasion". We have concluded that the admonition with this omission fails to meet the requirements of the statute.

For the error pointed out, the judgments are reversed and the causes are remanded.

ONION, Presiding Judge (concurring).

I fully agree that the judgments in these causes must be reversed. In addition to the defects in the admonishments noted by the majority, it should be clearly observed that the trial court failed to inquire whether the guilty pleas were influenced by any "delusive hope of pardon." See Article 26.13, Vernon's Ann.C.C.P.

Relying upon Mitchell v. State, 493 S.W.2d 174 (Tex.Civ.App.1973) and Espinosa v. State, 493 S.W.2d 172 (Tex.Cr.App. 1973), the majority seems to ignore this recompliance with Article 26.13," supra.

The inquiry as to "a delusive hope of pardon" does not appear to be among their "essential ingredients requisite for minimal compliance with Article 26.13," *supra*.

Such statute reads:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, *and* is uninfluenced by any consideration of fear, or by any persuasion, or *delusive hope of pardon,* prompting him to confess his guilt." (Emphasis added.)

This court has consistently held that the provisions of Article 26.13, supra, are mandatory and the prerequisites therein must be complied with as a condition precedent to the validity of a guilty plea or plea of nolo contendere and that such question of compliance may be raised at any time. May v. State, 151 Tex.Cr.R. 534, 209 S.W. 2d 606 (1948); Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956); Ex parte Marshall, 479 S.W.2d 921 (Tex.Cr. App.1972), and Wilson v. State, 456 S.W. 2d 941, 943 (Tex.Cr.App.1970) (concurring opinion), and cases there cited.

Further, the admonishment required by the statute must be manifest of record and the admonishment cannot be supplied by inference, intendment or presumption. See Article 26.13, supra, note 4, and cases there

---

1. In Mitchell, supra, we have these two questions in addition to a statement on the range of punishment:
   "THE COURT: Has anyone threatened you to *force* you to plead guilty? [Emphasis Supplied]
   "DEFENDANT: No, sir.
   "THE COURT: Anyone *promised* you anything to induce you to plead guilty? [Emphasis Supplied]
   "DEFENDANT: No, sir."

   In Espinosa, supra:
   "THE COURT: Did anybody place you in fear, threaten you, abuse you, mistreat you or do anything that would *force* you to plead guilty? [Emphasis Supplied]
   "THE DEFENDANT: No sir.
   "THE COURT: Did anybody *promise* you anything at all to get you to plead guilty? [Emphasis Supplied]
   "THE DEFENDANT: No, sir."

cited. See also Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App.1971), and Rogers v. State, 479 S.W.2d 42 (Tex.Cr.App.1972).

In Jefferson v. State, 486 S.W.2d 782 (Tex.Cr.App.1972), this court only recently, speaking through Judge Roberts, said:

"The appellant was apprised of the range of punishment, but nowhere does there appear an inquiry as to whether or not appellant was influenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, which might have prompted him to confess his guilt. Art. 26.13, Vernon's Ann.C.C.P.

This Court has held this defect to be reversible error on many occasions. Once again, we are forced to recite that this provision of Art. 26.13 is *mandatory*." (Emphasis supplied.)

See also Crocker v. State, 485 S.W.2d 566 (Tex.Cr.App.1972); Ex parte Battenfield, supra; Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr.App.1972); Rogers v. State, 479 S.W.2d 42 (Tex.Cr.App.1972), and Ex parte Marshall, supra.

This court has repeatedly urged that "the exact language of Article 26.13, V.A.C.C.P., be followed in admonishing defendants." Kane v. State, 481 S.W.2d 808 (Tex.Cr.App.1972). If such language is used then, usually no question can be raised about the sufficiency of the admonishment. See Jackson v. State, 488 S.W.2d 451 (Tex.Cr.App.1972).

As Judge Roberts pointed out in his dissent in Espinosa v. State, supra,

". . . [t]he statute is too plainly worded to misconstrue. To comply with it places a very small burden on the trial judge. If we bend a little today, where do we draw the line as to what does, in fact, constitute 'sufficient compliance'?"

Most of the members of this court have been trial judges. As one, I must express my puzzlement about the growing number of appeals involving the failure of the trial judge to follow Article 26.13, supra, where the records reflect little or no effort on the part of trial judges to comply with the mandatory requirements of the statute.

My concern is that the majority will use today's opinion in support of *Mitchell* and *Espinosa* for the holding that the trial court need not inquire as to any "delusive hope of pardon." If so, then tomorrow they will eliminate "any consideration of fear" or "any persuasion," entirely eroding the statute and the legislative will.

For the reasons stated, I concur.

ROBERTS, J., joins in the concurrence.