Clarence W. WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 47526.

Court of Criminal Appeals of Texas.

Oct. 3, 1973.

Ken Douglas, of James & Price, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George Jacobs, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary with intent to commit theft where the punishment was assessed at five (5) years.

On December 4, 1972, the appellant waived trial by jury and entered a plea of guilty before the court to the indictment. He was sentenced on the same date and gave notice of appeal.

In his sole ground of error appellant contends the trial court failed to properly admonish him on his plea of guilty in ac-cordance with Article 26.13, Vernon's Ann. C.C.P. See also Article 27.13, Vernon's Ann.C.C.P. Although appellant acknowledges that the court informed him of the range of punishment for the burglary, he contends that the court failed to make it plain that such range of punishment was applicable to him upon his plea of guilty.

■ It is well established that the court is required by Article 26.13, supra, to admonish a defendant in a felony case upon his guilty plea of the "consequences of his plea," which has been interpreted as meaning "the punishment provided by law for the offense and the punishment which could be inflicted under his plea." Alexander v. State, 288 S.W.2d 779 (Tex.Cr. App.1956); Wilson v. State, 456 S.W.2d 941, 943 (Tex.Cr.App.1970) (concurring opinion); Ex parte Marshall, 479 S.W.2d 921 (Tex.Cr.App.1972).

■ And where the court has failed to properly admonish a defendant as to the consequences of his guilty plea in a felony case reversal will be ordered. See Williams v. State, 415 S.W.2d 917 (Tex.Cr.App. 1967); Miller v. State, 424 S.W.2d 430 (Tex.Cr.App.1968); Crawford v. State, 466 S.W.2d 319 (Tex.Cr.App.1971); Vasquez v. State, 477 S.W.2d 629 (Tex.Cr.App.1972). See also Ex parte Humphrey, 456 S.W.2d 118 (Tex.Cr.App.1970); Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App.1971).

In the instant case the record reflects that in the appellant's presence the court granted the State's motion to waive the second paragraph of the indictment alleging a prior conviction for enhancement and after such action announced: * * * "The charge is burglary." Thereafter the appellant, represented by retained counsel, waived the reading of the indictment and entered a guilty plea.

Then the following appears:

"THE COURT: You know the penalty for burglary is not less than two or more than twelve years in the Texas Department of Corrections, you know that?

**328**

"THE DEFENDANT: Yes, sir."

The court then inquired and determined that the appellant was not pleading guilty because of any fear, any consideration of fear, delusive hope of pardon, any promise of pardon, any promise at all, fear of punishment or hope of reward, etc., and that the appellant was pleading because he was guilty of the offense charged. Inquiry was also made as to appellant's competency to stand trial.

Thereafter the appellant voluntarily took the witness stand and acknowledged he was the individual named in the indictment charging him with the offense of burglary. He then made a judicial confession of such offense and acknowledged that he had previously entered into certain written stipulations, among which is found a sworn statement confessing he committed the burglary charged. Such stipulations were introduced into evidence without objection.

Thus we have before us a fact situation where the accused is represented by counsel, is informed that the remaining charge against him is burglary, he waives the reading of the indictment and enters a guilty plea, is admonished that the penalty for burglary is two to twelve years, and further inquiry is made in accordance with Article 26.13, supra, the accused testifies he is charged with burglary and makes a judicial confession, and has previously entered into sworn stipulations acknowledging his guilt, and punishment is set at five (5) years.

 We cannot conclude under any stretch of the imagination that the foregoing does not constitute a careful compliance with Article 26.13, supra. While it might remove any question if the trial court had added, after informing the appellant of the consequences of his plea, a statement that appellant's punishment

would be assessed within the range of punishment announced if evidence supporting his guilty plea was offered,[1] such is not an essential statement for compliance with Article 26.13, supra.

The judgment is affirmed.

---

1. In Rogers v. State, 479 S.W.2d 42 (Tex.Cr. App.1972), the court stated to Rogers:
   "The punishment in this State for the offense of burglary is from two to twelve years and understanding that your punishment will be set somewhere in that range do you still tell me that you are guilty?" See also Porter v. State, 482 S.W.2d 282 (Tex.Cr.App.1972).