COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-004-CR

 

 

JESSE SIFUENTES                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Jesse Sifuentes
appeals his conviction for possession of a controlled substance, namely
cocaine, of more than 400 grams. 
Appellant entered an open plea of guilty, and the trial court sentenced
him to seventeen years= confinement
and a $100 fine.  In a single point,
Appellant contends that his plea was involuntary because the plea paperwork
that he signed in connection with his open plea of guilt was incomplete.

FACTUAL BACKGROUND

In two counts, Appellant was indicted
for delivery of a controlled substance, namely cocaine, of four hundred grams
or more, and of knowingly possessing cocaine of four hundred grams or more with
the intent to deliver.  The indictment
also included an allegation that a deadly weapon was used or exhibited during
the commission of the offense, either by Appellant or a party.  The State proceeded on the lesser included
offense of possession of a controlled substance of over 400 grams, with a
deadly weapon finding.

The record reflects that
Appellant waived the presence of a court reporter.  Among other things, the written plea
admonishments form advised Appellant of the statutory range of punishment for a
first-degree felony, enhanced, which was confinement for a term of ten to
ninety-nine years or life and a fine not to exceed $100,000.  See Tex.
Health & Safety Code Ann. ' 481.102(3)(D) (Vernon Supp. 2006) (defining cocaine as a penalty
group one offense); Tex. Health &
Safety Code Ann. ' 481.115(a),
(f) (Vernon 2005) (stating the punishment for an offense under penalty group
one).

 

 








DISCUSSION

Appellant contends that his
plea was rendered involuntary because he was admonished of the lesser included
offense that the State proceeded on, rather than all of the punishment ranges
for the crimes charged in the indictment. 
He contends that Athe missing
information on the form was critical to the plea, because without such
information it is possible (perhaps not likely, but possible) that [he]
mistakenly believed the greater offense carried a penalty range so great that
an open plea to a lesser offense was in his best interest.@ 

Code of criminal procedure
article 26.13(a)(1) provides the following:

(a)
Prior to accepting a plea of guilty or a plea of nolo contendere, the court
shall admonish the defendant of:

 

(1) the range of the
punishment attached to the offense.

Tex. Code Crim. Proc.
Ann. art. 26.13(a)(1) (Vernon Supp. 2006) (emphasis
added).  Appellant asserts that the
language of article 26.13(a)(1) requires the trial court to admonish the
defendant on the range of punishment attached to the charged offense, as
opposed to the offense to which he is pleading guilty.








Citing State v. Hardy,
Appellant correctly points out that, in analyzing the language of a statute,
the reviewing court must assume that every word has been used for a purpose,
and each word, phrase, clause, and sentence should be given effect, if
reasonably possible.  See 963
S.W.2d 516, 520 (Tex. Crim. App. 1997). 
Appellant asserts that a proper reading of article 26.13 would require
the trial court to admonish him of the range of punishment attached to the
charged offenses.  We disagree because
only by ignoring subsection (a) can Appellant argue that the admonishment was
incomplete.  Giving effect to subsection
(a) of the statute, however, we conclude that the court is required to admonish
the defendant of the punishment attached to the offense to which he is entering
a plea before the court accepts the plea of guilty or nolo contendre to that
offense.  See Tex. Code Crim. Proc. Ann. art.
26.13(a)(1).

Furthermore, it is well
established that article 26.13 requires the court to admonish a defendant in a
felony case upon his guilty plea of the consequences of his plea, which has
been interpreted as meaning the punishment provided by law for the offense and
the punishment which could be inflicted under his plea.  Wright v. State, 499 S.W.2d 326, 327
(Tex. Crim. App. 1973).  The record
reflects that the trial court properly admonished Appellant on the punishment
range for the offense to which he pleaded guilty, and the only offense to which
he entered a plea.  See Tex. Code Crim. Proc. Ann. art.
26.13(a)(1); Wright, 499 S.W.2d at 327. 
Accordingly, we overrule Appellant=s sole point.

 

 

 








CONCLUSION

Having overruled Appellant=s sole point, we affirm the trial court=s judgment. 

 

 

PER CURIAM

PANEL F: 
HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 7, 2006

 

 

 

 

 











[1]See Tex. R.
App. P. 47.4.