COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-004-CR

JESSE SIFUENTES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jesse Sifuentes appeals his conviction for possession of a controlled substance, namely cocaine, of more than 400 grams.  Appellant entered an open plea of guilty, and the trial court sentenced him to seventeen years’ confinement and a $100 fine.  In a single point, Appellant contends that his plea was involuntary because the plea paperwork that he signed in connection with his open plea of guilt was incomplete.

FACTUAL BACKGROUND

In two counts, Appellant was indicted for delivery of a controlled substance, namely cocaine, of four hundred grams or more, and of knowingly possessing cocaine of four hundred grams or more with the intent to deliver.  The indictment also included an allegation that a deadly weapon was used or exhibited during the commission of the offense, either by Appellant or a party.  The State proceeded on the lesser included offense of possession of a controlled substance of over 400 grams, with a deadly weapon finding.

The record reflects that Appellant waived the presence of a court reporter.  Among other things, the written plea admonishments form advised Appellant of the statutory range of punishment for a first-degree felony, enhanced, which was confinement for a term of ten to ninety-nine years or life and a fine not to exceed $100,000.  
See
 
Tex. Health & Safety Code Ann.
 § 481.102(3)(D) (Vernon Supp. 2006) (defining cocaine as a penalty group one offense); 
Tex. Health & Safety Code Ann.
 § 481.115(a), (f) (Vernon 2005) (stating the punishment for an offense under penalty group one).

DISCUSSION

Appellant contends that his plea was rendered involuntary because he was admonished of the lesser included offense that the State proceeded on, rather than all of the punishment ranges for the crimes charged in the indictment.  He contends that “the missing information on the form was critical to the plea, because without such information it is possible (perhaps not likely, but possible) that [he] mistakenly believed the greater offense carried a penalty range so great that an open plea to a lesser offense was in his best interest.” 

Code of criminal procedure article 26.13(a)(1) provides the following:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment 
attached to the offense.

Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(1) (Vernon Supp. 2006) (emphasis added).  Appellant asserts that the language of article 26.13(a)(1) requires the trial court to admonish the defendant on the range of punishment attached to the charged offense, as opposed to the offense to which he is pleading guilty.

Citing 
State v. Hardy
, Appellant correctly points out that, in analyzing the language of a statute, the reviewing court must assume that every word has been used for a purpose, and each word, phrase, clause, and sentence should be given effect, if reasonably possible.  
See 
963 S.W.2d 516, 520 (Tex. Crim. App. 1997).  Appellant asserts that a proper reading of article 26.13 would require the trial court to admonish him of the range of punishment attached to the charged offenses.  We disagree because only by ignoring subsection (a) can Appellant argue that the admonishment was incomplete.  Giving effect to subsection (a) of the statute, however, we conclude that the court is required to admonish the defendant of the punishment attached to the offense to which he is entering a plea before the court accepts the plea of guilty or nolo contendre to that offense.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(1).

Furthermore, it is well established that article 26.13 requires the court to admonish a defendant in a felony case upon his guilty plea of the consequences of his plea, which has been interpreted as meaning the punishment provided by law for the offense and the punishment which could be inflicted under his plea.  
Wright v. State
, 499 S.W.2d 326, 327 (Tex. Crim. App. 1973).  The record reflects that the trial court properly admonished Appellant on the punishment range for the offense to which he pleaded guilty, and the only offense to which he entered a plea.  
See
 
Tex. Code Crim. Proc. Ann. 
art. 26.13(a)(1); 
Wright
, 499 S.W.2d at 327.  Accordingly, we overrule Appellant’s sole point.

CONCLUSION

Having overruled Appellant’s sole point, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 7, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.