# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00688-CR

---

**Joshua Ray Escobedo, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 207TH DISTRICT COURT OF COMAL COUNTY**
**NO. CR2016-629, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Joshua Ray Escobedo pleaded guilty to possession with intent to deliver a controlled substance in penalty group 1 (methamphetamine), between 4 and 200 grams and to tampering with physical evidence. *See* Tex. Health & Safety Code § 481.112(d); Tex. Penal Code § 37.09. The district court assessed punishment for each of those offenses, both of which were enhanced under habitual-offender provisions of the Texas Penal Code, at twenty years' imprisonment. Tex. Penal Code § 12.42(a), (c)(1). In his two appellate issues, Escobedo contends that the district court had a duty to withdraw sua sponte his plea of guilty and that the court "wrongly admonishe[d]" him by not addressing the punishment range for a lesser-included offense. We will affirm the judgments of conviction.

## BACKGROUND

After conducting a traffic stop, a Comal County Sheriff's Deputy arrested Escobedo for driving without a valid license. Other officers arrived at the scene to assist with a search and inventory of the vehicle. The officers' search of the vehicle and Escobedo yielded cash, two phones, razor blades, synthetic urine, scales, and rolling papers. An officer also found that Escobedo's passenger had methamphetamine in a back pocket of her pants and arrested her for possession of a controlled substance. The officer told Escobedo that his passenger was going to jail for "meth" and asked Escobedo, "Is there more on you? Where's that?" Escobedo admitted that he had more between his legs. The officer retrieved a coin purse from Escobedo's shorts containing small baggies of a crystal-like substance. Escobedo told the officer it was "11 grams."[1] While Escobedo was being booked into jail, he began shaking uncontrollably, and his jaw was chattering. The officer recognized these physical behaviors as indicating a possible overdose. Escobedo admitted to the officer that he had ingested a large shard of methamphetamine as he was being stopped for the traffic violation. The officer transported Escobedo to the hospital for treatment. Escobedo remained in the intensive care unit until he was able to be discharged to jail.

The Texas Department of Public Safety Crime Lab analyzed the baggie from Escobedo's coin purse containing the largest amount of a crystal substance. Testing results showed that the baggie weighed 6.72 grams and contained methamphetamine.

A grand jury indicted Escobedo for possession with intent to deliver a controlled substance in penalty group 1 (methamphetamine), between four and 200 grams, and one count of

---

[1] The district court considered this conversation, recorded by the patrol car's back-seat videocamera, when it heard Escobedo's motion to suppress evidence.

tampering with physical evidence. Under an agreement with the State, Escobedo pleaded guilty to both offenses charged in his indictment and entered pleas of "true" to the habitual-offender enhancement allegations set forth in his indictment for both of his charges. The State agreed to waive its right to a jury trial and proceed to a punishment hearing before the district court.

**Plea-hearing testimony**

During the plea hearing, the district court admonished Escobedo about his rights, including specific discussions as to the limitation of his right to appeal, the effect of his signature on the plea papers, and Escobedo's waivers of his rights to confront witnesses, to a jury trial, and to remain silent:

> The Court: As well you have a right to remain silent. But your signature indicates your willingness to waive that right, at least to the extent of the charges in this indictment. And the effect of that would be that you're admitting to all of the facts necessary to prove this case against you. Did you understand that was the effect of your signature?
>
> [Escobedo]: Yes, sir.

Escobedo confirmed that he intended to proceed on his agreement with the State, that he had sufficient time to review the plea papers with his appointed counsel before signing them, and that he was satisfied with his counsel's representation of him. Documents supporting Escobedo's prior convictions were admitted into evidence without objection. Escobedo was also questioned about the voluntariness of his plea:

> The Court: Okay. And so you understand we're just going to reset this. We'll have a presentence investigation and a punishment hearing and we'll go from there. Anybody promise you anything other than what we just discussed?

3

[Escobedo]:     No.

The Court:     Anybody threaten you in any way?

[Escobedo]:     No, sir.

The Court:     With that understanding then as to Count I and Count II, what are your pleas:  Guilty or not guilty?

[Escobedo]:     Guilty.

The Court:     Are you pleading guilty because you're guilty?

[Escobedo]:     Yes, sir.

After accepting Escobedo's pleas and his agreement with the State, the district court reset the case for completion of a presentence investigation before Escobedo's punishment hearing.

**Punishment-hearing testimony**

At the subsequent punishment hearing, Escobedo testified that he pleaded guilty in the case before the court, that he pleaded "true" to the enhancement allegations in his indictment for both of his offenses, that he was on parole when he committed the possession offense, and that he was requesting "lenience" from the court in sentencing.  Escobedo also testified that he ate some quantity of the methamphetamine and acknowledged that his plea of guilty to tampering with physical evidence was for eating the methamphetamine.  Escobedo further testified—contrary to his prior statement on the patrol-car recording—that he possessed only 3.4 grams of methamphetamines on the date of his encounter with law enforcement.

Escobedo denied selling or distributing methamphetamine and said that he pled guilty so he could "have this time to -- to speak."  He complained that he had not had "an advocate for [him]self" and that during his incarceration he "never once was given any type of plea deal."  Escobedo then denied committing his prior offenses, denied possessing more than

4

four grams of methamphetamine, and denied tampering with evidence. He stated, "I'm taking responsibility for having methamphetamines, for having 3.4." Escobedo questioned the quantity of methamphetamine reflected in the DPS lab report because the methamphetamine was not weighed on the scene. Finally, when asked if he was guilty of the offenses as charged, Escobedo responded, "I'm guilty of possession of – of methamphetamine, yes."

The State requested a forty-year sentence of imprisonment, but the district court sentenced Escobedo to twenty years for each of his charged offenses with the sentences to run concurrently. Before pronouncing sentence, the court stated:

> The Court: And the best thing for, you know, me to do in my view at this juncture having received this testimony is to somewhat put the ball back in your court and not give you just some minimum expectation that you're going to automatically get out, but where you do need to continue to be the prodigal son and turn back around and come back to where you know you should have stayed. . .
>
> [Escobedo]: Yes, sir.
>
> The Court: ---and to earn---not just today, but tomorrow and the next day to have to earn something to get back to your son. And with that being said, I'm going to sentence you to 20 years TDC and remand you to the custody of the sheriff to have that sentence carried out. You'll be entitled to your back credit.
>
> [Defense counsel]: Thank you, your Honor.
>
> [Prosecutor]: And just so the record is clear, that's 20 years in each count?
>
> The Court: Yes, sir.

After this pronouncement of sentence, court proceedings adjourned. This appeal followed.

## DISCUSSION

### Escobedo did not preserve complaint about court's duty to withdraw involuntary plea

In his first issue, Escobedo contends that the district court had a duty to withdraw sua sponte his plea of guilty based on his testimony indicating that his plea was involuntary. This issue has two components: a complaint that the court did not withdraw the plea, and an argument that the plea was involuntary. Escobedo failed to present either concern to the district court.

#### 1. Withdrawal of guilty plea

The Court of Criminal Appeals has ruled that a defendant who pleads guilty bears the burden of seeking withdrawal of his plea when evidence inconsistent with guilt is introduced. *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004). Thus, the trial court has no duty to change the defendant's guilty plea on its own motion. *Id.* (concluding that "it is reasonable to put on such a defendant the requirement of timely seeking, in one way or another, to withdraw the plea of guilty"). A defendant who fails to seek withdrawal of his plea of guilt "may not complain for the first time on appeal that the trial court did not do it for him." *Id.* A defendant who fails to bring his complained-of error to the trial court's attention waives any complaint regarding that error. *Id.* at 338-39; *see* Tex. R. App. P. 33.1(a) (requiring party to preserve error by timely and specific objection or motion and obtaining adverse ruling); *see also Franklin v. State*, No. 05-04-01495-CR, 2005 Tex. App. LEXIS 7954, at *8-9 (Tex. App.—Dallas Sept. 29, 2005, pet. ref'd) (mem. op., not designated for publication) (concluding that because defendant did not seek to withdraw his guilty plea at any time, he could not complain on appeal that trial court did not withdraw it for him).

6

## 2. Voluntariness of guilty plea

Further, the Court of Criminal Appeals has ruled that a defendant's challenge to the voluntariness of his guilty plea must be preserved for appellate review and cannot be raised for the first time on appeal. *Mendez*, 138 S.W.3d at 339 n.5 (noting that defendants must properly preserve challenge to voluntariness of guilty plea because it does not implicate any "fundamental" requirements identified by Supreme Court); *see Lindley v. State*, No. 08-08-00149-CR, 2010 Tex. App. LEXIS 2044, at *13 (Tex. App.—El Paso Mar. 24, 2010, no pet.) (op., not designated for publication) ("[A] defendant must preserve a complaint regarding the voluntariness of a guilty plea."); *Wilson v. State*, Nos. 05-05-01100-CR, 05-05-01101-CR, 05-01102-CR, 2006 Tex. App. LEXIS 5938, at *6-7 (Tex. App.—Dallas July 11, 2006, pet. ref'd) (op., not designated for publication) (concluding that defendant who claimed that his guilty plea was not voluntary—based on his testimony at punishment hearing that weapon he had during robbery was "a small rock instead of a brick as alleged in the indictment"—could not raise that complaint for first time on appeal). If a defendant fails to bring an alleged error concerning the voluntariness of his plea to the trial court's attention, he is deemed to have waived any complaint regarding that error. *See Mendez*, 138 S.W.3d at 338 (noting that error relating to voluntariness of plea is not immune to harmless-error analysis and can be waived by failure to comply with Texas Rule of Appellate Procedure 33.1); *Franklin v. State*, No. 06-11-00141-CR, 2011 Tex. App. LEXIS 9060, at *3-4 (Tex. App.—Texarkana Nov. 1, 2011, pet. dism'd) (op., not designated for publication) ("Without a timely objection, motion, or request that the trial court inquire into the voluntariness of his plea, [the defendant] forfeited his right to complain about the voluntariness of his guilty plea."); *Franklin*, 2005 Tex. App. LEXIS

7954, at *8 (concluding that defendant challenging voluntariness of guilty plea must comply with Rule 33.1 to properly preserve such complaint for appellate review).

Here, Escobedo did not seek to withdraw his guilty plea; he made no complaint to the district court that his plea was involuntary; and he alleges no error in the proceedings before the entry of his plea or when he pleaded guilty. On this record, Escobedo failed to preserve for our review his complaints that the district court did not withdraw the plea sua sponte and that his plea was involuntary. *See* Tex. R. App. P. 33.1(a); *Mendez*, 138 S.W.3d at 350; *Lindley*, 2010 Tex. App. LEXIS 2044 at *15; *Franklin*, 2011 Tex. App. LEXIS 9060, at *3-4; *Wilson*, 2006 Tex. App. LEXIS 5938, at *6-7; *Franklin*, 2005 Tex. App. LEXIS 7954, at *8. Accordingly, we overrule Escobedo's first issue.

**District court did not "wrongly admonish" Escobedo on range of punishment**

In his second issue, Escobedo contends that the district court "wrongly admonishe[d]" him by not addressing the punishment range for a lesser-included offense, specifically, possession of a controlled substance in an amount of less than four grams. According to Escobedo, his testimony during the punishment phase of trial that he possessed only 3.4 grams of methamphetamine triggered the district court's duty to provide a different admonishment from the one Escobedo received, which addressed only the punishment range for the offense with which he was charged—i.e., possession of a controlled substance in an amount greater than four grams. We disagree.

Under article 26.13(a)(1) of the Code of Criminal Procedure, before accepting a plea of guilty or no contest, a trial court must admonish a defendant of the range of punishment attached to the offense. Tex. Code Crim. Proc. art. 26.13(a)(1). "Substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the

consequences of his plea and that he was misled or harmed by the admonishment of the court." *Id.* art. 26.13(c). The admonishments as to the "consequences of his plea" in article 26.13(a)(1) refer to "the punishment provided by law for the offense and the punishment which could be inflicted under his plea." *Wright v. State*, 499 S.W.2d 326, 327 (Tex. Crim. App. 1973); *see Sifuentes v. State*, No. 2-06-004-CR, 2006 Tex. App. LEXIS 8019, at *4 (Tex. App.—Fort Worth Sept. 7, 2006, no pet.) (mem. op., not designated for publication) (rejecting defendant's contention that his guilty plea was involuntary because trial court did not admonish him as to punishment range for offense that he was originally charged with but rather, admonished him only as to offense to which defendant ultimately pleaded guilty under plea agreement).

Under his plea agreement, Escobedo and the State agreed that he would plead guilty to possession of a controlled substance in penalty group 1 between 4 and 200 grams with intent to deliver, plead guilty to tampering with physical evidence, and plead true to the enhancement paragraphs in his indictment that increased the applicable punishment ranges. Escobedo initialed each page of his plea paperwork, with checked boxes specifying that he was subject to punishment for a first-degree felony for Count I (possession of a controlled substance with intent to deliver) and a second-degree felony for Count II (evidence tampering), and Count II included a handwritten notation explaining that punishment was enhanced by prior conviction:

> 1st Degree Felony (Repeat Offender) – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for Life or for any term of not more than 99 years or less than 15 years; in addition, a fine not to exceed $10,000.

> 2nd Degree Felony – Imprisonment in the Institutional Division of the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years; in addition, a fine not to exceed $10,000. This is a 3rd degree felony enhanced to 2nd degree by prior felony conviction.

The district court properly admonished Escobedo at his plea hearing as to the punishment ranges for the offenses to which Escobedo was entering his pleas of guilty:

The Court: It appears that the punishment ranges for these offenses in Count I is a first-degree felony up to—actually, it's a repeat offender so it's a minimum of 15 years up to 99 years or life and a 10,000-dollar fine. And as enhanced in Count II, it's up to 20 years in the penitentiary and a 10,000-dollar fine. Do you understand that?

[Escobedo]: Yes, sir.

Also at his plea hearing, Escobedo testified that he was properly admonished and that he understood the punishment ranges associated with the charges against him. Escobedo cites no authority, and we have found none, holding that trial courts have a duty to admonish a defendant as to the range of punishment for a lesser-included offense to which the defendant does not plead—i.e., a punishment that could not be inflicted under his plea agreement. *Cf. Wright*, 499 S.W.2d at 327; *Sifuentes*, 2006 Tex. App. LEXIS 8019, at *4 (concluding that trial court must admonish defendant as to "punishment attached to the offense to which he is entering a plea before the court accepts the plea of guilty or nolo contend[e]re to that offense").

We conclude that the district court was not required to admonish Escobedo as to the punishment range for a lesser-included offense that was not part of the plea bargain under which he had pleaded guilty. Accordingly, we overrule Escobedo's second issue.

**CONCLUSION**

We affirm the district court's judgments of conviction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   August 27, 2019

Do Not Publish