**William Nelson FARMER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40563.**

Court of Criminal Appeals of Texas.

Oct. 18, 1967.

Tom Roberts, Carthage, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The conviction is for the felony offense of driving while intoxicated (Art. 802b Vernon's Ann.P.C.); the punishment, 30 days in jail and a fine of $200.

The sole ground of error is: "The trial court erred in denying the defendant's motion for a continuance of ten (10) days in which to prepare for trial and the denial of this state and constitutional right colored the whole trial of this case denying the defendant his right to a fair trial in violation of Article 26.04(b) of the Code of Criminal Procedure and the Sixth (6th) Amendment to the Constitution of the United States."

The record reflects that appellant retained Hon. Davis Bailey as his attorney but was unable to pay him a fee. Thereafter, the court allowed Mr. Bailey to withdraw from the case and, on September 26, 1966, appointed Hon. Tom Roberts to represent appellant.

On October 3, 1966, the case being called for trial, appellant and his counsel Tom Roberts filed a verified motion for continuance directing attention to Art. 26.04(b) Vernon's Ann.C.C.P. and pointing out that the ten day period of time to which appointed counsel is entitled to prepare for trial had not been waived and was specifically requested and was vital to the fair trial of the case.

Art. 26.04 V.A.C.C.P. reads:

"(a) Whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with

a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. In making the determination, the court shall require the accused to file an affidavit, and may call witnesses and hear any relevant testimony or other evidence.

"(b) The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."

The trial court having found that appellant was too poor to employ counsel, and having appointed counsel Roberts to defend him, erred in directing the defendant to proceed to trial and denying his court appointed counsel's request that he be allowed ten days to prepare for trial. Ex parte Gudel, Tex.Cr.App., 368 S.W.2d 775; Ex parte Meadows, Tex.Cr.App., 418 S.W.2d 666 (July 19, 1967); Bennett v. State, Tex. Cr.App., 382 S.W.2d 930.

The judgment is reversed and the cause remanded.