Harold LOUDD and Hulon Loudd, Appellants,

v.

The STATE of Texas, Appellee.

No. 44404.

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Stanley F. Swenson, Houston, for appellants.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from convictions for robbery. The appellants were tried jointly after each entered a plea of guilty. The jury assessed the punishment of each at fifty years.

The sole contention of the appellants is that the court did not admonish them of the consequences of their pleas of guilty.

After the appellants expressed a desire to plead guilty, the court stated:

"All right.—I guess I should admonish you, just like each one of you—you realize that by pleading guilty, that the jury must find you guilty upon your—upon the introduction of sufficient evidence, and then it will be up to the jury to assess your penalty if they should find you guilty, you both understand that?"

Each replied that he understood it. The record does not contain any statement by the court to the appellants concerning the range of punishment they could receive as required by Article 26.13, Vernon's Ann.C. C.P.

The purpose of that part of the admonishment which was omitted is to prevent a defendant from pleading guilty until he has been told by the judge the range of punishment that can be assessed under the charge. The Legislature made this a mandatory provision of the statute. This was no doubt to prevent misunderstandings and to insure that a defendant would be fully advised before waiving a right to plead not guilty.

In Miller v. State, Tex.Cr.App., 424 S. W.2d 430 (1968), the same admonishment in substance was given before a plea of guilty was accepted. It was held insufficient to comply with Article 26.13, supra. A like admonishment was held insufficient in Williams v. State, Tex.Cr.App., 415 S. W.2d 917 (1967). See Ex parte Battenfield, Tex.Cr.App., 466 S.W.2d 569 (1971), where the Court set aside a conviction upon a collateral attack where there had been no admonishment as to the consequences of the plea. See also Crawford v. State, Tex.Cr.App., 466 S.W.2d 319, 16 Tex.Jur.2d, Section 313, page 489, and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

For the failure to show in the record that the appellants were properly admonished as to the consequences of their pleas, the judgments are reversed and the causes are remanded.