**Ex parte Kenneth WILLIAMS, Jr.**

**No. 47294.**

Court of Criminal Appeals of Texas.

July 3, 1973.

Charles W. Fairweather, Amarillo, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

**DOUGLAS, Judge.**

This is a post conviction habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P. Petitioner contends that he was not properly admonished under the provisions of Article 26.13, V.A.C.C.P. We agree.

The conviction was in Potter County for the offense of burglary with intent to commit theft. After a plea of guilty before the court, the punishment was assessed at four years, probated.

The probation was revoked. The record at the trial shows that the court advised the appellant of the range of punishment for the offense of burglary. The court, however, did not determine under the second portion of Article 26.13, supra, if the plea was voluntarily made. The hearing judge found that there was no compliance with the provisions of the statute. See Ex parte Marshall, Tex.Cr.App., 479 S.W.2d 921, and the cases collated under Article 26.13, supra.

The relief sought in the application for habeas corpus is granted. The petitioner is ordered delivered to the sheriff of Potter County to answer to the indictment.

ONION, Presiding Judge (concurring).

I concur in the result reached. The trial judge was correct in his findings following an evidentiary hearing that the mandatory prerequisites of Article 26.13, Vernon's Ann.C.C.P., were not followed in the admonition given by the court when the petitioner entered a plea of guilty to the offense of burglary on December 18, 1970.

While the court advised the petitioner as to the range of punishment the court made no attempt to determine if the guilty plea was "uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt." Article 26.13, supra.

I would disassociate myself, however, from any inference, intended or otherwise, in the majority opinion that the above quoted portion of the statute merely requires that the court inquire if the plea was "voluntary"[1] or that the required inquiry may be dispensed in whole or in part if the record shows generally that the plea is voluntary. Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App.1971); Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr.App. 1972); Crocker v. State, 485 S.W.2d 566 (Tex.Cr.App.1972); Clayton v. State, 492 S.W.2d 176 (Tex.Cr.App.1973) (concurring opinion).

For the reasons stated, I concur.

ROBERTS, J., joins in this concurrence.

---

1. See and *cf.* Harris v. State, Tex.Cr.App., 500 S.W.2d 126 (this day decided), where this court held that a mere inquiry that the plea was "voluntary" was insufficient.