Thomas Lee **JORDEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47326.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

**118**

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of murder with malice. Trial was before the court on a plea of guilty and punishment was assessed at ten years.

Appellant's sole contention is that he was not properly admonished by the trial court as to the consequences of his plea as required by Article 26.13, Vernon's Ann.C.C.P.

The court admonished the appellant that the punishment for such offense is ". . . confinement in the Texas Department of Corrections for not less than two years nor more than life . . ."; whereas the statutory range under Article 1257, Vernon's Ann.P.C., is actually ". . . life or for any term of years not less than two." It is the omission of the words "for any term of years" which appellant contends is violative of Article 26.13, supra.

The admonishment, even though it does not follow the exact wording of the statute, was sufficient to inform appellant that the consequences of his plea could include a sentence of any term in excess of two years. The omission in the admonishment could not have misled him to his detriment.[1] Valdez v. State, Tex.Cr.App., 479 S.W.2d 927.

No reversible error being shown, the judgment is affirmed.

ONION, Presiding Judge (dissenting).

The majority, which has already eroded [1] Article 26.13, Vernon's Ann.C.C.P., now begins an attempt to completely undermine the entire heretofore mandatory statute.

Article 26.13, supra, provides that:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

This court has repeatedly held that the provisions of the statute are mandatory and the prerequisites therein set out must be complied with as a condition precedent to validity of a guilty plea, and the question of compliance may be raised at any time. See Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App.1971).

The "consequences of the plea," as used in the statute, have been interpreted as meaning the punishment provided by law for the offense and the punishment which could be inflicted under this plea. Alexan-

---

1. The dissent expresses concern that when this opinion was originally drafted no reasoning was advanced to show that the omission of "any term of years" from the admonishment could not have misled appellant to his detriment, apparently because one accused of murder might receive five hundred or even a thousand years. If the dissenters will explain how an accused can be assessed a penalty greater than life in prison, further reasoning might be in order.

1. See i. e., Espinosa v. State, 493 S.W.2d 172 (Tex.Cr.App.1973); Mitchell v. State, 493 S.W.2d 174 (Tex.Cr.App. 1973); Higginbotham v. State, 497 S.W.2d 299 (Tex. Cr.App.1973).

der v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956); Ex parte Battenfield, supra.

Article 1257, Vernon's Ann.P.C., provides that punishment for murder with malice "shall be death or confinement in the penitentiary for life or for any term of years not less than two."

In the instant case the court admonished the defendant, who was indicted for murder with malice, that "If you are found guilty, the law requires me to assess your punishment in the murder with malice case at confinement in the Texas Department of Corrections for not less than two years nor more than life."

Only recently in Loudd v. State, 474 S. W.2d 200 (Tex.Cr.App.1971), this court noted that the requirement that a court advise a defendant as to the proper range of punishment is mandatory and a failure to do so requires reversal.

Further, it is clear that the statutory admonishment must be made manifest of record, and the admonishment cannot be supplied by inference, intendment or presumption. Ex parte Battenfield, supra.

In Ex parte Davis, 412 S.W.2d 46 (Tex. Cr.App.1967), it was held that a life sentence is not includable within a statute providing punishment "for any term of years without prescribing a maximum penalty." See also Ex parte Balas, 412 S.W.2d 53 (Tex.Cr.App.1967).

The fact that a defendant should be properly admonished as to the range of punishment is most graphically pointed up by the punishment assessed in some recent cases. See, i.e., Yeager v. State, 482 S.W. 2d 637 (Tex.Cr.App.1972) (500 years); Sills v. State, 472 S.W.2d 119 (Tex.Cr. App.1971) (1,000 years).

The admonishment as to the "consequences of the plea" was clearly in error. The majority admit it does not follow the statutory range of penalty, but hold the "omission in the admonishment could not have misled him to his detriment" without any reasoning being advanced.

Now trial judges will be led to believe that all they have to say to a defendant pleading guilty is that the punishment applicable "is some time in the Department of Corrections," and the majority will affirm because he was sentenced to a term of years in such institution, and therefore he could not have been misled to his detriment.

I vigorously dissent.

ROBERTS, J., joins in this dissent.

