**John T. CAMERON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48150.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

John T. Montford, Lubbock, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery by firearms where a plea of guilty was entered before the jury. Punishment was assessed at five years.

In his sole contention, appellant urges that the court erred in not properly admonishing him upon his plea of guilty as to range of punishment as required by Article 26.13, Vernon's Ann.C.C.P.

The record reflects that the court admonished appellant as to range of punishment as follows:

"The Court: Mr. Cameron, the court must admonish you of the consequences of such a plea before the Court can accept the plea of guilty. You understand that if you are found guilty in this matter that you will be subject to a punishment of five years to life in the Texas Department of Corrections?

"The Defendant: Yes, I do."

Article 1408, Vernon's Ann.P.C., provides that when a firearm or other deadly weapon is used in the commission of a robbery the punishment shall be "death or by confinement in the penitentiary for any term not less than five years."

Appellant argues that he could have conceivably received a thousand year sentence, since the court correctly instructed the jury in his charge to assess punishment "for any term not less than five years."

The almost identical question was before this court in the recent case of Jorden v. State, Tex.Cr.App., 500 S.W.2d 117, where it was contended the trial court incorrectly admonished defendant in a murder case as to the range of punishment upon a plea of guilty. In *Jorden*, the trial court admonished appellant that punishment for such offense was " . . . confinement in the

Texas Department of Corrections for not less than two years nor more than life"; whereas the statutory range under Article 1257, V.A.P.C., is " . . . life or for any term of years not less than two." This court divided in *Jorden* with the majority concluding that the omission in the admonishment could not have misled him to his detriment. In a footnote the majority stated an accused cannot be assessed a penalty greater than "life" in prison.

In the instant case, we conclude that the omission in the admonishment could not have misled appellant to his detriment. Jorden v. State, supra.

No reversible error being shown, the judgment is affirmed.

Opinion approved by the Court.

ONION, P. J., and ROBERTS, J., dissent.

ODOM, Judge (concurring).

I fully agree with the affirmance of this case. However, since this court is divided [1] on the interpretation of this mandatory statute,[2] I will express myself further on why I align myself with the majority.

Article 26.13, V.A.C.C.P., provides that:

"If the defendant pleads guilty, or enters a plea of nolo contendere he *shall be admonished* by the court *of the consequences*; and neither of such pleas shall be received unless it *plainly appears* (to the trial court) that (1) he is mentally competent,[3] and (2) *is uninfluenced* (a)

1. Compare, e. g., McClintick v. State, Tex. Cr.App., 508 S.W.2d 616 (this day decided); Ex Parte Williams, Tex.Cr.App., 500 S.W.2d 127; Harris v. State, Tex.Cr.App., 500 S.W. 2d 126; Jorden v. State, Tex.Cr.App., 500 S.W.2d 117; Johnson v. State, Tex.Cr.App., 500 S.W.2d 115; Williams v. State, Tex.Cr. App., 497 S.W.2d 306; Higginbotham v. State, Tex.Cr.App., 497 S.W.2d 299; Prudehomme v. State, Tex.Cr.App., 495 S.W.2d 941; Mayse and Ross v. State, Tex.Cr.App., 494 S.W.2d 914; Heathcock v. State, Tex. Cr.App., 494 S.W.2d 570; Martinez v. State, Tex.Cr.App., 494 S.W.2d 545; Clayton v. State, Tex.Cr.App., 493 S.W.2d 176; Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174; Espenosa v. State, Tex.Cr.App., 493 S.W.2d 172.

2. See also and compare the five opinions in Jones v. State, Tex.Cr.App., 496 S.W.2d 566 where the court was divided in the interpretation of Article 40.09, Section 4, V.A.C. C.P., another mandatory statute.

3. Prior to January 1, 1974, the Article used "sane" instead of "mentally competent."

by any consideration of fear, (b) or by any persuasion, (c) or delusive hope of pardon, prompting him to confess his guilt." (Emphasis, numbers and letters added.)

Article 1.26, V.A.C.C.P., provides that:

"The provisions of this Code shall be liberally construed, so as to attain the objects intended by the Legislature: The prevention, suppression and punishment of crime."[4]

It is clear that Article 26.13, supra, is a *two part* statute. The first part causes no problem with any of the members of this court since it is clearly *mandatory* that the defendant be admonished as to the consequences of his plea. However, the second part tells us that it must *plainly appear* to the trial court that the defendant is mentally competent and uninfluenced (by fear, persuasion, or delusive hope of pardon). No magic words need be stated by the trial court in making the determination. For example, the magic words "delusive hope" may not be as well understood by a defendant as some others.[5] It is, of course, necessary that the records before us contain sufficient language to show that such does, in fact, plainly appear.

This statute's first part appears to the writer to be mandatory because of the way it is written. The first part is separated from the second part by a semicolon. Webster's Dictionary defines a semicolon as "a mark of punctuation conventionally used chiefly to separate units that contain elements separated by commas, and to separate co-ordinate clauses having a relationship in meaning not explicitly stated." A semicolon shows that two sentences, each of which should stand alone,

have been combined into one sentence. In 79 C.J.S., at page 1038, it is written:

"The main reason for using the semicolon is that the break is *too decided* for the comma, and it has been said that the semicolon is used only to separate parts of a sentence *more distinctly* than a comma." (Emphasis added.)

The Supreme Court of Texas states:

" . . . it is settled that every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible. . . ." Perkins v. State, 367 S.W.2d 140, at 146 (Tex.Sup.1963).

I submit that the legislature expressed its intent to make only the first part of Article 26.13, V.A.C.C.P, mandatory by the inclusion of a semicolon.

I concur.

---

4. It is noted that Section 1.05(b) of the 1974 Penal Code provides for construction of such code under Sections 2.01, 2.02, 2.04 and 3.01 through 3.12 of the Code Construction Act .(Article 5429b–2, Vernon's Texas Civil Statutes). Section 2.01 states, in part: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage."

5. See Mitchell v. State, supra, wherein the court, speaking through Judge Douglas, stated: "More defendants would understand the question asked than one framed in the words of the statute."