Epifanio G. ALVAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 48865.

Court of Criminal Appeals of Texas.

July 17, 1974.

Jerry A. Gibson, San Antonio, for appellant.

Ted Butler, Dist. Atty., Lucien B. Campbell and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for possession of heroin, wherein the punishment was assessed by the court at ten (10) years.

The indictment, presented on February 7, 1973, alleged the appellant possessed heroin "on or about the 15th day of December, A.D., 1972," and further alleged he had been previously convicted of assault with intent to commit murder with malice and forgery. At the time he entered his plea of guilty before the court, the State waived and abandoned the prior convictions alleged for enhancement of punishment.

Court-appointed counsel on appeal has filed a brief in which he concludes that the appeal is frivolous and without merit. Aware of his duties under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the procedure recommended in Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), counsel has advanced three arguable grounds of error to support the appeal.

We need not consider the same since we conclude the court erred in admonishing the appellant as to the consequences of his plea as required by Article 26.13, Vernon's Ann.C.C.P.[1]

The consequences of a guilty plea or plea of nolo contendere have long been held to be "the punishment provided by law for the offense charged and the punishment which could be inflicted under his plea." Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956); Ex parte Bat-

---

1. Article 26.13, supra, provides:
"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

tenfield, 466 S.W.2d 569, 571 (Tex.Cr.App. 1971).

The court in taking the guilty plea on October 10, 1973, admonished the appellant that the penalty attached by law to the offense of possession of heroin was two to twenty years. This was neither the correct range of punishment provided by Article 725b, Sec. 23, Vernon's Ann.P.C., under which appellant was indicted, nor under the Texas Controlled Substances Act codified as Article 725f, Vernon's Ann.P.C., which became effective August 27, 1973.

The judgment reflects the court's finding that the offense occurred on December 15, 1972. The indictment was presented on February 7, 1973. The applicable law then was Article 725b, supra, which provides that the penalty for possession of heroin was not less than two years nor more than life.[2] Therefore, the range of punishment used by the court was not in accordance with Article 725b, supra.

If it can be argued that the punishment applicable was under the Texas Controlled Substances Act since the guilty plea was taken after the effective date of such act, we make two observations.

Section 6.01(c) of the Controlled Substances Act provides in part that in a criminal action commenced on or after the effective date of the Act for an offense committed before the effective date, the accused, if adjudged guilty, "shall be assessed punishment under this Act *if he so elects by written motion filed with the trial court* requesting that the court sentence him under the provisions of this Act." [3]

In the instant case there is no such written motion as required, nor other statement or indication that the court was proceeding under the Controlled Substances Act.

Even if the required written motion had been filed, we observe that possession of heroin falls within penalty Group No. 1 [Sec. 4.02(b)(2)] of such Controlled Substances Act, and is a felony of the second degree [Sec. 4.04(b)(1)]. A felony of the second degree carries a penalty of "not more than 20 years or less than 2 years," and "[i]n addition to imprisonment, an individual adjudged guilty of a felony of the second degree may be punished by a fine not to exceed $10,000." [Sec. 4.01(b)(2)].

Thus, the admonishment as to the consequences of his plea was not correct even under the Controlled Substances Act.

For the failure of the record to show that the appellant was properly admonished of the consequences of his plea, the judgment is reversed and remanded. See Loudd v. State, 474 S.W.2d 200 (Tex.Cr.App.1971), and cases there cited.

MORRISON, Judge (dissenting).

The majority say this plea of guilty which resulted in the punishment of ten years cannot stand because the court admonished the appellant that the punishment which he might receive was not less than two nor more than 20 years, when under the law at the time of the entry of the plea the punishment for which he was eligible was not less than two nor more than life.

It would appear that this question has divided this Court before. See Valdez v. State, Tex.Cr.App., 479 S.W.2d 927; Jorden v. State, Tex.Cr.App., 500 S.W.2d 117, and Cameron v. State, Tex.Cr.App., 508 S.W.2d 618.

Surely if an accused would voluntarily plead guilty thinking his punishment might

---

2. Section 6.01(a) of the Controlled Substances Act provides:

". . . this Act applies only to offenses committed on and after its effective date, and a criminal action for an offense committed before this Act's effective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force."
See also Articles 13, 15, 16, Vernon's Ann. P.C.1925. Cf. Saunders v. State, 511 S.W.2d 281 (delivered July 2, 1974).

3. See Ex parte Giles, 502 S.W.2d 774 (Tex. Cr.App.1973), holding a portion of said Section 6.01(c) unconstitutional.

be life (which is the admonishment the majority say should have been given), then his plea based upon the assumption that his punishment could be no higher than 20 years would likewise be voluntarily made.

Logic dictates that the Legislature by the enactment of Art. 26.13, V.A.C.C.P., required that an accused be admonished of the consequences of his plea of guilty to avoid a situation where an accused thought his possible punishment could be a certain number of years and then (after he had entered his plea of guilty) learn that he had been assessed a greater punishment. Such a situation did not arise in the case at bar.

We should adopt the holding in the cases cited above and hold that this appellant was not misled to his prejudice and that the error of the court in his admonishment was a harmless error.

I dissent to the reversal of this plea of guilty.

ODOM, J., joins.