**Earnest WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49289.**

Court of Criminal Appeals of Texas.

June 25, 1975.

Rehearing Denied July 16, 1975.

Charles L. Rittenberry, Charles W. Fairweather, Amarillo (Tom Upchurch, Jr., Amarillo, Frank Maloney, Austin, on rehearing only), for appellant.

George E. Dowlen, Dist. Atty., Canyon, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

Our prior opinion in this cause is withdrawn.

On motion for rehearing appellant urges that his conviction be reversed because the trial court wholly failed to advise him of the range of punishment at the time of his plea of guilty, as required by Article 26.13, Vernon's Ann.C.C.P.[1]

In Guster v. State, Tex.Cr.App., 522 S.W.2d 494, this Court held:

"... where there is no showing that a defendant was prejudiced or injured by the failure of the trial court to *fully* comply with Article 26.13, supra, *and* where no objection is made to such failure at the time the plea is accepted or by motion for new trial, that failure to fully comply will not constitute reversible error on appeal."

In the instant case, there was a *total* failure to explain or even mention the range of punishment to appellant. It is, therefore, not within the scope of the rule stated in Guster v. State, supra. See also Williams v. State, Tex.Cr.App., 522 S.W.2d 488, and Ex parte Taylor, Tex.Cr.App., 522 S.W.2d 479.

In Tellez v. State, Tex.Cr.App., 522 S.W.2d 500, decided the same day as *Guster*, supra, and *Williams*, supra, this Court held that, if a trial court in admonishing an accused of the consequences of his plea misstates the range of possible punishment, but the accused is not misled to his prejudice by such erroneous admonishment, the error is harmless. See also Cameron v. State, Tex.Cr.App., 508 S.W.2d 618; Jorden v. State, Tex.Cr.App., 500 S.W.2d 117; Valdez v. State, Tex.Cr.App., 479 S.W.2d 927. That rule likewise does not apply in this case because the trial court gave absolutely no admonishment respecting the range of possible punishment.

Because the trial court here did not merely fall short of full compliance, but in fact totally failed to admonish appellant of the

---

1. We note that Article 26.13, supra, has recently been amended (S.B. 122) and effective June 19, 1975, provides:

"Article 26.13. PLEA OF GUILTY. (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of punishment attached to the offense; and

"(2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court.

"(b) No plea of gulty or a plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

consequences of his plea, in total disregard of Article 26.13, V.A.C.C.P. (see concurring opinion in Cameron v. State, supra), the conviction is reversed.

Appellant's motion for rehearing is granted; the judgment affirming the conviction is set aside; and the judgment is reversed and remanded.

ONION, Presiding Judge (concurring in part and dissenting in part).

I concur in the result reached by the majority on appellant's contention raised on appeal for the first time on his motion for rehearing in this court, but clearly cannot agree with the reasoning of the majority.

Article 26.13, Vernon's Ann.C.C.P., provides:

"If the defendant pleads guilty, or enters a plea of nolo contendere, he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is mentally competent, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

This statute and its forerunners have been a part of every Code of Criminal Procedure ever enacted in this State and have remained the same for 118 years. See Bosworth v. State, 510 S.W.2d 334 (Tex.Cr.App. 1974) (Dissenting Opinion). Over the years this court has again and again held that the statute was mandatory. See, i. e., Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr.App.1972); Ex parte Battenfield, 466 S.W.2d 569 (Tex. Cr.App.1971); May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606 (1948); Coleman v. State, 35 Tex.Cr.R. 404, 33 S.W. 1083 (1896); Saunders v. State, 10 Tex.App. 336 (1881). And following such construction, the Legislature on a number of occasions reenacted the statute virtually unchanged. See Bosworth v. State, supra (Dissenting Opinion).

Further, the "consequences of a guilty plea or plea of nolo contendere" have long been held to be "the punishment provided by law for the offense charged and the punishment which could be inflicted under his plea." Alexander v. State, 163 Tex. Cr.R. 53, 288 S.W.2d 779 (1956); Ex parte Battenfield, 466 S.W.2d 569, 571 (Tex.Cr. App.1971). And where there has been a failure to comply with that portion of Article 26.13, supra, requiring admonishment as to the consequences of the plea, reversal will follow. See, i. e., Williams v. State, 415 S.W.2d 917 (Tex.Cr.App.1967); Miller v. State, 424 S.W.2d 430 (Tex.Cr.App.1968); Ex parte Humphrey, 456 S.W.2d 118 (Tex. Cr.App.1970); Ex parte Battenfield, supra; Crawford v. State, 466 S.W.2d 319 (Tex.Cr. App.1971); Vasquez v. State, 477 S.W.2d 629 (Tex.Cr.App.1972); Loudd v. State, 474 S.W.2d 200 (Tex.Cr.App.1971); Alvarez v. State, 511 S.W.2d 521 (Tex.Cr.App.1974).

And this court has for many years held that a failure to comply with the mandatory provisions of the statute may be raised any time. May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606 (1948); Alexander v. State, supra; Ex parte Battenfield, supra; Ex parte Chavez, supra; Wilson v. State, 456 S.W.2d 941 (Tex.Cr.App.1970) (Concurring Opinion).

It is on the basis of these authorities that I would reverse this conviction for failure to admonish the appellant as to the consequences of his plea even though the contention was first raised by the appellant in this court by his motion for rehearing.

Now, as to why I cannot agree with the majority's reasoning:

The majority's opinion could easily be labeled as "Retreat from Guster," and it is a retreat in confusion that adds to the uncertainty concerning Article 26.13, supra, visited upon the bench and bar by the majority since Espinosa v. State, 493 S.W.2d 172 (Tex.Cr.App.1973), and Mitchell v. State, 493 S.W.2d 174 (Tex.Cr.App.1973), when the majority began to seriously erode the legislative intent expressed in Article 26.13, supra. *Espinosa* and *Mitchell* held

that in a felony case the trial court no longer needed to inquire as to whether a plea of guilty or nolo contendere was prompted by a "delusive hope of pardon" or any similar inquiry. See also Higginbotham v. State, 497 S.W.2d 299, 300 (Tex.Cr. App.1973). The majority in *Espinosa* and *Mitchell* did not explain just how they could give less weight or no weight to "delusive hope of pardon" than "any consideration of fear" or "any persuasion" found in the same sentence of the mandatory statute, but the majority apparently for some time, at least, looked upon an inquiry as to "fear" or "persuasion" as essential to satisfy the "minimal requirements" of the statute. For example, in Harris v. State, 500 S.W.2d 126 (Tex.Cr.App.1973), the majority, speaking through Judge Morrison, held that mere inquiry as to whether the plea was voluntary was insufficient, but that the "minimal requirements" of Article 26.13, supra, as to consideration of *fear* or *persuasion* "must be inquired into and appear of record." See also Martinez v. State, 494 S.W.2d 545 (Tex. Cr.App.1973); Heathcock v. State, 494 S.W.2d 570 (Tex.Cr.App.1973). In Mayse and Ross v. State, 494 S.W.2d 914 (Tex.Cr. App.1973), the majority, speaking through Judge Odom, began inching away from even the so-called "minimal requirements" established by the majority. The opinion there held that an inquiry as to whether the guilty plea was prompted by force or coercion or promise was sufficient to comply with the statute.

It became clear from these cases that the majority had added "force" or "promise" to the statute while eliminating "delusive hope of pardon." Nevertheless, it appeared that on some occasions the majority was still requiring inquiry as to "fear" and "persuasion." See, i. e., Johnson v. State, 500 S.W.2d 115 (Tex.Cr.App.1973); Ex parte Scott, 505 S.W.2d 602 (Tex.Cr.App.1974) (an opinion by Judge Douglas); Ex parte Dickerson, 508 S.W.2d 387 (Tex.Cr.App.1974).

In Bosworth v. State, 510 S.W.2d 334 (Tex.Cr.App.1974), the necessity of an inquiry as to "persuasion" was eliminated despite the earlier decisions. In a dissenting opinion, this writer wrote, "One is left to wonder if any inquiry as to 'fear' is still required or whether it is also gone with the wind."

In Wade v. State, 511 S.W.2d 7 (Tex.Cr. App.1974), the majority held that the inquiry was fatally defective because of a failure to inquire if the guilty plea was due to "fear" or "persuasion." The concurring opinion by Judge Odom, joined in by Judge Morrison, agreed to the result since there was inquiry as to "fear." Apparently the statutory requirement as to an inquiry as to "fear" was still alive and well. See also Ex parte Watson, 508 S.W.2d 399 (Tex.Cr.App. 1974); Pigg v. State, 508 S.W.2d 652 (Tex. Cr.App.1974); Cevilla v. State, 515 S.W.2d 676 (Tex.Cr.App.1974).

In Guster v. State, supra, the court was confronted with an admonishment which did not include any inquiry as to "fear." Before discussing the majority's approach in *Guster*, I think it important to also observe what the majority was also doing to that portion of the statute requiring the trial court to admonish the defendant as to the consequences of his plea. As observed earlier in this opinion, that portion of the statute has been upheld as mandatory. However, the majority began to even erode that portion of the statute. In Jorden v. State, 500 S.W.2d 117 (Tex.Cr.App.1973), and again in Cameron v. State, 508 S.W.2d 618 (Tex.Cr.App.1974), the court upheld admonishments in which the trial court inaccurately informed the defendant of the consequences of his plea. See also Valdez v. State, 479 S.W.2d 927 (Tex.Cr.App.1972). And in Tellez v. State, 522 S.W.2d 500 (Tex. Cr.App.1975), the majority upheld an admonishment where the trial court incorrectly advised the defendant as to the range of punishment on *both* cases to which he was pleading guilty, overruling Alvarez v. State, 511 S.W.2d 521 (Tex.Cr.App.1974), to the contrary.

This was the status of Article 26.13, supra, when the majority was confronted with *Guster*. Recognizing their past efforts to emasculate the mandatory statute had not been consistent or logical, the majority seizes upon the opinion in Ex parte Taylor, 522 S.W.2d 479 (Tex.Cr.App.1975). In *Taylor* the court held that a collateral attack upon a felony conviction resulting from a plea of guilty or nolo contendere will not be considered absent a showing that the petitioner was prejudiced or injured for failure of the trial court to *fully* comply with Article 26.13, supra. *Taylor* represented a significant departure from the holdings of this court that the failure to comply with the mandatory provisions of Article 26.13, supra, and its forerunners could be raised after conviction, upon collateral attack, or at any time. See, i. e., May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606 (1948); Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956); Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App.1971); Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr.App.1972). The *Taylor* decision was based primarily upon Ex parte Meadows, 418 S.W.2d 666 (Tex.Cr.App.1967). In *Meadows* the court was confronted with a collateral attack upon a conviction for failure to comply with Article 494, Vernon's Ann.C.C.P. [now Article 26.04(b)], which required the waiver of the ten days' preparation period to be in writing. *Meadows* held that the petitioner was not entitled to relief on collateral attack if the failure to comply with the mandatory statute did not result in injury to the petitioner such as would deprive him of a fair trial or deny him a constitutional right. Earlier cases to the contrary were overruled. *Meadows* did not, however, attempt to undermine or diminish the mandatory nature of the statute involved, and it is clear that a failure to comply with the requirement of waiver of ten days' preparation period will call for reversal on direct appeal. See, i. e. Young v. State, 448 S.W.2d 484 (Tex.Cr.App.1970); Steward v. State, 422 S.W.2d 733 (Tex.Cr.App.1968);

Farmer v. State, 419 S.W.2d 382 (Tex.Cr.App.1967). Clearly *Taylor* followed *Meadows* in a like manner, for the opinion stated, "By our holding today, we do not in any way diminish the requirement of complying with Article 26.13 . . . ." and added footnote # 2 which stated, "Our holding does not apply to cases on direct appeal."

Nevertheless, in Williams v. State, 522 S.W.2d 488 (Tex.Cr.App.1975), the majority, disregarding the fact that *Taylor* was based on *Meadows* and the statements quoted above, advanced the theory that *Taylor* supports the non-review on direct appeal of a violation of the mandatory provisions of Article 26.13, supra, if it be unassigned error, and that it would not be considered under Article 40.09, Sec. 13, Vernon's Ann. C.C.P. "in the interest of jus'ice" unless harm or injury has been shown. Then in Guster v. State, 522 S.W.2d 494 (Tex.Cr.App.1975), the majority, using *Taylor* and *Williams* as a bootstrap, held that unless there is a showing that the accused is prejudiced or injured by the failure of the trial court to *fully* comply with the "mandatory" statute, and there is no objection made to such non-compliance at the time of the plea or by motion for new trial, no appellate review will follow, even though the ground of error is raised in an appellate brief filed in the trial court in accordance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P. Thus by judicial muscle the statute was laid flat.

*Guster* made clear that even if there was a failure of the trial court to *fully* comply with *any portion of the statute* the law now casts the burden upon the possibly unwary or even illiterate defendant the burden of calling the legally trained judge's attention to any error, oversight or omission in the requirements of Article 26.13, supra, at the time of the plea or motion for new trial, and that the question cannot be raised on appeal by an appellate brief, even one filed in the trial court. It is observed that no distinction was made in the *Taylor, Williams* and *Guster* cases between admonition

as to the consequences of the plea and the balance of the statute. In fact, *Taylor* actually involved the failure to properly admonish as to the consequences of the plea.

In *Guster* this writer observed in a dissenting opinion (footnote # 3) that, "In light of other earlier opinions of the majority, one is left to wonder the meaning of the trial court 'fully' complying with the mandatory statute," and also wrote:

"This new approach may not last any longer than the majority's 'substantial compliance' approach, which was a label for a conclusion, not a test to be applied, or the semicolon approach advanced in Cameron v. State, 508 S.W.2d 618 (Tex. Cr.App.1974) (Concurring Opinion)."

Now, shortly after *Guster*, we find the majority retreating from *Guster*. In the instant case the appellant did not object to the failure of the trial court to admonish as to the consequences of the plea at the time of the plea or by motion for new trial as required by *Guster*, nor was it even raised by the appellate brief filed in the trial court. After the opinion on original submission, it was first raised in appellant's motion for rehearing filed in this court. To be considered at all as unassigned error under this circumstance, it would have to be considered "in the interest of justice," which *Williams*, based on *Taylor*, said was a "no, no." Nevertheless, the majority, despite *Williams* and *Guster*, considers the matter properly presented as to whether the trial court "fully" complied with the statute even though there was a partial compliance with the statute. The majority attempts to explain that in the instant case

since there was a *total* failure to explain or even mention the range of punishment, which relates to only a portion of the statute, somehow *Guster* does not apply. This is clearly not what *Guster* held. It made no distinction between portions of the statute. Is the majority saying that *total* failure to comply with the consequences of the plea requirement calls for one result but an inaccurate admonition as to the consequences of the plea would fall within *Guster*? It would seem so.[1]

Is this total failure approach applicable to a total failure to inquire as to whether the guilty plea was prompted by "any consideration of fear"? To a total failure to inquire as to "any persuasion"? To a total failure to inquire as to a "delusive hope of pardon"? Would this new approach apply to a total failure to inquire as to any or all of the three factors above? If it does not, is the majority making the distinction between one portion of Article 26.13, supra, and another? Is the majority giving more weight to one portion of the statute than another? It is observed that the majority opinion, in conclusion, cites with approval the concurring opinion in Cameron v. State, 508 S.W.2d 618 (Tex.Cr.App.1974), which favored the semicolon approach, holding in effect that everything in the statute prior to the semicolon in the statute (including the consequences of the plea requirement) was mandatory and the rest was not. Has this approach of one judge now become the majority's approach since *Guster*?

The majority holds that when there is a *total* failure to *admonish* as to the range of punishment prejudice will be presumed and

---

1. Since the majority cites Tellez v. State, 522 S.W.2d 500 (Tex.Cr.App.1975), it appears that *Tellez* and *Guster* would be applicable to those situations where the trial court misstates the range of punishment but the accused is not misled to his prejudice thereby. In *Tellez, Cameron, Jordan* and *Valdez* the trial judge misstated the correct statutory range of punishment, but the punishment subsequently imposed was both within the statutory range and the range of

penalties stated by the judge. Surely it is a horse of a different color if the punishment assessed in such a situation was beyond that stated by the trial judge in his admonishment. The majority opinion in *Tellez*, by quoting from the dissenting opinion in Alvarez v. State, 511 S.W.2d 521 (Tex.Cr.App. 1974), makes this point. Clearly, then *Guster* would not control as to that situation either, thus creating another exception to the *Guster* rule.

the conviction will be reversed, but what about cases where the trial judge *totally* fails to advise the accused as to any range of punishment but the record reflects that the range of punishment was mentioned during voir dire examination of the jury, Wilson v. State, 456 S.W.2d 941 (Tex.Cr. App.1970), or by an instrument filed by the accused, Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709 (1961). Is harm to be presumed there?

2. It is observed that the majority takes note of the amendment of Article 26.13, Vernon's Ann.C.C.P., in footnote # 1 of its opinion, which amendment became effective June 19, 1975, but it is not applicable to the instant case. It appears that supporters of the majority's interpretation of the now former Article 26.13 sought this act to bring the statute in line with the majority's interpretation. This amendment will be no answer to the problems raised by the decisions in *Taylor, Williams* and *Guster* and the retreat from *Guster* in the instant case.

Further, while the amendment to the statute now requires only "substantial compliance," and when there is, there is cast upon the defendant the burden to affirmatively show that "he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

While "substantial compliance" may now satisfy State statutory requirements, it appears to me a question of due process is presented where the court does not admonish the accused at all as to punishment and the record is silent as to any suggestion that the appellant knew the range of punishment.

Due process, as related to the validity of a guilty plea, requires that the plea be voluntarily and understandably made, and such understanding includes knowledge and comprehension not only as to the nature of the charge, but also as to the penalty which can be imposed. See and compare Kotz v. United States, 353 F.2d 312 (8th Cir. 1965); Bailey v. MacDougall, 392 F.2d 155 (4th Cir. 1968). The decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in effect held that in a State criminal proceeding a guilty plea can be compelled only if accepted in a manner analogous to Fed.Rules Cr.Proc., rule 11, 18 U.S.C. Rule 11 reads as follows:

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." Effective July 1, 1966. And it is clear from *Boykin* that there is a federally constitutional right to the determination of voluntariness of guilty pleas in State criminal proceedings. If the admonition of the range of punishment or knowledge or comprehension of the penalty involved affects whether the guilty plea was intelligently, knowingly and voluntarily entered, as it does, then a silent record as to such is not sufficient to support a conviction upon a guilty plea as in the instant case. Boykin v. Alabama, supra.

*Boykin*, it is noted, does not place any burden on the defendant where the record is silent.

It is a sad day for the jurisprudence of this State when high standards which have existed for many years are lowered when the efforts by the bar nationwide are to raise those standards.

It is noted that the American Bar Association, Standards for Criminal Justice, Standards Relating to Pleas of Guilty, provide in Section 1.4 thereof in part:

"The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and

"(a) determining that he understands the nature of the charge;

"(b) —

"(c) informing him:

"(i) of the maximum possible sentence on the charge, including that possible from consecutive sentences;

"(ii) of the mandatory minimum sentence, if any, on the charge; and . .."

These are just a few of the questions that come to mind regarding the *Guster* approach, and the instant case is a good example of the invalidity of that approach, and the first of many exceptions that will have to be made to such approach. *Guster* is a house built upon sand.

For the reasons stated, I concur in the result but dissent to the majority's reasoning.[2]

Further, Section 1.5 thereof provides as follows:

"The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. The court should then address the defendant personally and determine whether any other promises or any force or threats were used to obtain the plea."