ACCEPTED
14-15-00046-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/26/2015 6:38:12 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00046-CR

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/26/2015 6:38:12 PM
CHRISTOPHER A. PRINE
Clerk

ALFRED DEAN JOHNSON
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal from Cause Number 1409436
From the 182nd District Court of Harris County, Texas

BRIEF FOR APPELLANT

TONYA ROLLAND MCLAUGHLIN
TBN 24054176
4301 Yoakum Boulevard
Houston, Texas 77006
Phone: (713) 529-8500
Fax: (713) 456-2203

**Counsel for Appellant**

**ORAL ARGUMENT RESPECTFULLY REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:          Alfred Dean Johnson
                   TDC# 01976527
                   Garza East Unit
                   4304 Highway 202
                   Beeville, Texas 78102

TRIAL PROSECUTORS:       Akilah Mance
                   Assistant District Attorney
                   Harris County, Texas
                   1201 Franklin Avenue, Suite 600
                   Houston, Texas 77002

DEFENSE COUNSEL AT HEARING:  Joe Salinas, III
                   12 Greenway Plaza
                   Suite 1100, PMB 121
                   Houston, Texas 77046

COUNSEL ON APPEAL FOR APPELLANT: Tonya Rolland McLaughlin
                   4301 Yoakum Boulevard
                   Houston, Texas 77006

PRESIDING JUDGE:        Hon. Jeannine Barr
                   182nd District Court
                   Harris County, Texas
                   1201 Franklin Avenue, 18th floor
                   Houston, Texas 77002

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................ 2

TABLE OF CONTENTS ......................................................................................... 3

INDEX OF AUTHORITIES ..................................................................................... 4

STATEMENT OF THE CASE ................................................................................. 5

STATEMENT REGARDING ORAL ARGUMENT .................................................... 6

ISSUE PRESENTED .............................................................................................. 7

STATEMENT OF FACTS ....................................................................................... 7

SUMMARY OF THE ARGUMENT ......................................................................... 9

ARGUMENT .......................................................................................................... 9

      BACKGROUND ............................................................................................. 9

      ISSUE ONE:  THE TRIAL COURT VIOLATED APPELLANT'S FIFTH AMENDMENT RIGHT TO DUE PROCESS RENDERING HIS PLEA INVOLUNTARY BY FAILING TO ADMONISH HIM OF THE PUNISHMENT RANGE . ................................................... 11

      ISSUE TWO:  THE TRIAL COURT VIOLATED APPELLANT'S STATUTORY RIGHT TO VOLUNTARILY ENTER A KNOWING AND INTELLIGENT PLEA BY FAILING TO ADMONISH HIM OF THE PUNISHMENT RANGE. ........................................... 12

PRAYER ............................................................................................................. 14

CERTIFICATE OF SERVICE ................................................................................ 14

CERTIFICATE OF COMPLIANCE ....................................................................... 15

## INDEX OF AUTHORITIES

### Cases

*Anderson v. State*, 182 S.W.3d 914 (Tex. Crim. App. 2006) ........................................................ 12

*Bessey v. State*, 239 S.W.3d 809 (Tex. Crim. App. 2007) ............................................................ 13

*Boykin v. Alabama*, 395 U.S. 238, (1969)..................................................................................... 11

*Brady v. United States*, 397 U.S. 742 (1970)................................................................................. 11

*Burnett v. State*, 88 S.W.3d 633 (Tex. Crim. App. 2002) ....................................................... 12, 13

*Walker v. State,* 524 S.W.2d 712 (Tex. Crim. App. 1975).. ......................................................... 13

### Constitutional Provisions, Statutes and Rules

U.S. Const. amend V ..................................................................................................................... 11

U.S. CONST. AMEND XIV ............................................................................................................... 11

Tex. Penal Code § 29.03(a)(2)......................................................................................................... 5

Tex. Code Crim. Proc. Ann. Art. 26.13(a)(1). ............................................................................... 12

Tex. Code Crim. Proc. Ann. Art. 26.13(b). ................................................................................... 12

Tex. Code Crim. Proc. Ann. Art. 26.13(c)...................................................................................... 12

Tex. R. App. P. Rule 38.1(e). .......................................................................................................... 6

Tex. R. App. P. Rule 44.2(a). ........................................................................................................ 12

Tex. R. App. P. Rule 44.2(b).......................................................................................................... 13

## STATEMENT OF THE CASE

Appellant was charged in cause number 1409436 with aggravated robbery with a deadly weapon alleged to have occurred on or about November 21, 2013. *See* Tex. Penal Code § 29.03(a)(2). (CR at 6).[1] Appellant entered a plea of guilty without agreed recommendation on August 15, 2014 and was set for a presentence investigation hearing. (CR at 88). On January 5, 2015, the trial court presided over the hearing and sentenced Appellant to thirty (30) years in the Texas Department of Corrections – Institutional Division with a Deadly Weapon finding. (CR at 105). Appellant filed timely notice of appeal on January 5, 2015. (CR at 108).

---

[1] "CR" refers to the Clerk's Record. "Supp. CR" refers to the Supplemental Clerk's Record. "RR" refers to the Reporter's Record.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument should be permitted because this appeal is not frivolous and the facts and legal arguments are adequately presented. TEX. R. APP. PROC. 38.1(e). Appellant requests oral argument because the Court of Appeal's decision, whether the trial court failed to admonish Appellant of the punishment range and if it is an error of constitutional or statutory magnitude, would be significantly aided by oral argument.

## ISSUES PRESENTED

ISSUE ONE: THE TRIAL COURT VIOLATED APPELLANT'S FIFTH AMENDMENT RIGHT TO DUE PROCESS RENDERING HIS PLEA INVOLUNTARY BY FAILING TO ADMONISH HIM OF THE PUNISHMENT RANGE.

ISSUE TWO: THE TRIAL COURT VIOLATED APPELLANT'S STATUTORY RIGHT TO VOLUNTARILY ENTER A KNOWING AND INTELLIGENT PLEA BY FAILING TO ADMONISH HIM OF THE PUNISHMENT RANGE.

## STATEMENT OF FACTS

The weeks leading up to Appellant's arrest for aggravated robbery were filled with personal tragedy. Appellant's mother passed away and was buried November 9, 2013. (Supp. CR at 22; CR at 98). On November 11, 2013, Appellant's employer relieved him of duties on November 11, 2013, which exacerbated the fact that Appellant would be incarcerated the following month if he did not pay $27,000.00 in back child support. (Supp. CR at 22; CR at 98). Child Protective Services informed Appellant on November 14, 2014 his stepson was being taken into custody due to mother, Tamekia Victor's, drug addiction. (Supp. CR at 22). Furthermore, Ms. Victor notified Appellant she has AIDS and on November 21, 2013 a test revealed Appellant is HIV positive. (Supp. CR at 22; CR at 99). This course of events led Appellant to want to die because he felt there was nothing left to live for. (CR at 99).

On November 21, 2013, a suicidal Appellant, took Vicodin and Seroquil and smoked Marijuana laced with PCP. (Supp. CR at 23). Appellant then armed with an unloaded handgun robbed the Cash America Pawn. (Supp. CR at 23). Afterward,

7

Appellant stole a pawn shop employee's truck to flee from police and crashed into a tree before ultimately being arrested. (Supp. CR at 23).

On August 15, 2014, Appellant accepted responsibility and entered a guilty plea to aggravated robbery without an agreed recommendation and set his case for a presentence investigation hearing. (CR at 88). Appellant submitted a packet to the trial court containing letters in lieu of testimony, accomplishments, mitigating evidence, medical records and photographs. (Supp. CR at 19-76). The packet contains a one page letter to the trial court from the Appellant that appears to be missing pages. (Supp. CR at 24). A very similar letter from the Appellant to the trial court containing three pages was filed on November 21, 2014. (CR at 98-100). In the letter filed in November, Appellant states he "plead guilty freely and voluntarily to the offense and understands the full range of punishment." (CR at 98). Appellant describes his understanding of the punishment range to be the trial court "can sentence me to any amount of prison time, from dropping it to a lesser charge for time served or any amount of prison time." (CR at 99). However, Appellant is a true habitual offender and the punishment range is a minimum of 25 years to life in prison. (CR at 89 and 105).

Appellant complains that the trial court did not admonish him of the punishment range in his case rendering his plea involuntary and unknowing because his decision was based on a false understanding of his minimum punishment available. In the first issue, Appellant complains the trial court's failure to admonish of the punishment range is constitutional error. In the second issue, Appellant contends the trial court's failure to admonish of the punishment range is statutory error.

## ARGUMENT

### BACKGROUND

Appellant entered a guilty plea without an agreed recommendation to aggravated robbery and set his case for a pre-investigation sentencing hearing before the trial court. (CR at 88). Appellant signed the trial court's preprinted admonishment and waiver forms. (CR at 87-92). The record then falls silent as to whether the trial court advised Appellant of the punishment range applicable at the sentencing hearing or whether Appellant understood the forms he signed. Appellant is a habitual offender making his punishment range a minimum of 25 years to life in prison due to the fact, prior to the present aggravated robbery charge, he had been convicted of two prior felonies one in 1986 and the other in 1993. *See* Tex. Pen. Code § 12.42(d). (CR at 87).

There is no reporter's record of the plea and there are no docket sheet entries in the clerk's record verifying the trial court admonished Appellant of the punishment

9

range. However, there is a letter filed on November 21, 2014, from Appellant to the trial court outlining his understanding of the punishment range. (CR at 98-100). The letter is filed with the trial court the same day as his original sentencing hearing setting. (CR at 96). Appellant states "Your Honor I know you can sentence me to any amount of prison, from dropping it to a lesser charge for time served or any amount of prison time." (CR at 99). Due to the mitigating circumstances leading up to his offense and his false understanding of the punishment range, Appellant believed by pleading guilty the trial court could consider releasing him from jail on time served. (CR at 98-100).

It is clear from Appellant's letter to the trial court that he entered into his plea without full knowledge that the minimum prison time the trial court could sentence him to was 25 years. (CR at 98-100). The letter reveals he lacked a basic understanding of the consequences of his plea and believed he was at a minimum eligible for a lesser charge that could result in time served. (CR at 98-100). The trial court had an opportunity to clarify the punishment range at Appellant's January 5, 2015, sentencing hearing and did not. (RR at 4).

**ISSUE ONE:** THE TRIAL COURT VIOLATED APPELLANT'S FIFTH AMENDMENT RIGHT TO DUE PROCESS RENDERING HIS PLEA INVOLUNTARY BY FAILING TO ADMONISH HIM OF THE PUNISHMENT RANGE.

The trial court's failure to admonish Appellant of the range of punishment caused his plea to be obtained in violation of the Due Process Clause of the Fifth Amendment made applicable to the States through the Fourteenth Amendment. U.S. Const. amend. V, XIV. To be consistent with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Brady v. United States*, 397 U.S. 742, 748 (1970). All relevant circumstances surrounding Appellant's plea must be considered to determine voluntariness. *Id.* at 749.

In *Boykin v. Alabama*, the United States Supreme Court held that a violation of constitutional due process occurs when a trial court accepts a guilty plea without an affirmative showing "spread on the record" that the guilty plea was intelligent and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 243–44 (1969). Appellant's record does not affirmatively demonstrate that Appellant understood all of the constitutional that he understood the consequences of his guilty plea. The only mention of the punishment range is once on the signed admonishment. (CR at 89). There is no recording of the plea, no docket sheet notations and the trial court does not advise of the punishment range at the sentencing hearing. Unique to Appellant's case, what this Court does have to consider is the letter he filed to the trial court detailing his understanding of the punishment range. (CR at 99). The letter expresses Appellant's false

11

understanding that the trial court could sentence him to less than 25 years in prison resulting in time served if she so chose. (CR at 99).

The trial court's failure to admonish Appellant of the punishment range resulted in constitutional error requiring reversal because it contributed to Appellant's punishment of thirty (30) years and was not harmless beyond a reasonable doubt. Tex. R. App. P. Rule 44.2(a). (CR at 105). Appellant's plea was involuntary, unknowing and unintelligent.

**ISSUE TWO: THE TRIAL COURT VIOLATED APPELLANT'S STATUTORY RIGHT TO VOLUNTARILY ENTER A KNOWING AND INTELLIGENT PLEA BY FAILING TO ADMONISH HIM OF THE PUNISHMENT RANGE.**

Texas statutes require courts to do more than is required to meet the minimum standards of due process when a defendant pleads guilty in a felony case. *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006). Not only must Appellant's guilty plea be entered into voluntarily and freely, but the trial court is required to admonish the defendant of the direct consequences of his plea including the range of punishment. Tex. Code Crim. Proc. Ann. Art. 26.13(a)(1) and (b). Substantial compliance by the trial court in admonishing Appellant is sufficient unless he affirmatively shows he was not aware of the consequences of his plea and was misled or harmed. Tex. Code Crim. Proc. Ann. Art. 26.13(c). If the trial court does not admonish the Appellant, it does not substantially comply with Article 26.13 and error occurs. *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002).

12

Complaints about non-compliance with Article 26.13 may be raised for the first time on appeal. *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007).

Appellant was not aware of the consequences of his plea, specifically the punishment minimum of twenty five (25) years. The only mention of the punishment range in the entire record is on the preprinted admonishments signed by Appellant and the record does not reflect an affirmative understanding of the forms or that they were entered into voluntarily. (CR at 89-90). In fact, the Appellant's letter to the trial court suggests just the opposite. (CR at 98-100). A reversal is warranted on direct appeal when the record supports an inference that Appellant did not know the consequences of his plea. *Burnett*, 88 S.W.3d at 638.

The trial court's failure to admonish Appellant of his punishment range violated Texas statute and there is no assurance that Appellant would not have changed his decision to plead guilty had the trial court properly admonished him of the punishment range. When the trial court fails to admonish the Appellant of the punishment range, it is complete disregard for Tex. Code Crim. Proc. Ann. Art. 26.13 and the conviction must be reversed. *Walker v. State*, 524 S.W.2d 712 (Tex. Crim. App. 1975). The result in this case is statutory error that substantially harmed Appellant. Tex. R. App. Proc. 44.2(b).

**PRAYER**

Appellant asks this Court to reverse and remand this case to the trial court.

TEX. R. APP. PROC. 44.2.

Respectfully submitted,

 s/Tonya Rolland McLaughlin
**Tonya Rolland McLaughlin**
4301 Yoakum Boulevard
Houston Texas 77006
Phone: (713) 529-8500
Fax: (713) 453-2203
TBN 24054176

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing instrument has been delivered via email to the following:

Alan Curry
Chief Prosecutor, Appellate Division
Harris County District Attorney's Office
1201 Franklin Suite 600
Houston, Texas 77002-1923

 s/Tonya Rolland McLaughlin
**Tonya Rolland McLaughlin**

14

## CERTIFICATE OF COMPLIANCE

I certify that this computer-generated document has a word count of 2, 380 words, based upon the representation provided by the word processing program used to create the document.


<u>**s/Tonya Rolland McLaughlin**</u>
**Tonya Rolland McLaughlin**